## Eckford and others *v*. De Kay and others.

Where the testator gave an absolute conveyance of a part of his real estate, in which his wife joined, and afterwards by his will devised his real and personal estate to his executors and trustees, in trust, among other things to support the widow out of the same until 1840; and the executors and trustees after the death of the testator filed a bill to redeem the premises so conveyed by him ; *Held*, that the widow, who was entitled to dower in the testator's real estate, in addition to the provision in the will for her support, was not a competent witness for the complainants to establish the fact that the deed, although absolute on its face, was only intended as a mortgage or security for the payment of a debt.

A complainant who may be made liable for costs if he does not succeed in establishing the claim set up in the bill, is not a competent witness to prove the facts necessary to sustain the suit, although he has no personal interest in the subject matter of the litigation.

A defendant in the cause may examine a mere nominal complainant, with his assent, as a witness against the real complainant. But a defendant who has a common interest with the complainant in the suit, cannot examine such complainant as a witness against a defendant for the purpose of sustaining the claim made by the bill.

Where one of the complainants who is a necessary party, but who has no personal interest in the subject matter of the litigation, is a material witness to prove the facts necessary to sustain the suit, the proper course, where the nature of the case will admit of such a change of parties, is to move to strike out the name of such nominal complainant and to make him a party defendant; so that he may be examined as such witness.

A party complainant cannot be examined as a witness against the defendant, either in behalf of himself or of his co-complainants.

July 18.

THIS was an application for leave to examine M. Eckford and C. P. Clinch, two of the complainants, as witnesses against the defendants G. C. De Kay and wife, for the purpose of establishing the allegations in the bill of complaint. The decedent gave to his daughter Mrs. Drake an absolute deed of certain real estate in the city of New-York; the legal title to which, upon her death, descended to her daughter Janet H. the wife of J. C. De Kay. This deed, as alleged in the complainants' bill, was intended only as a mortgage to secure a debt due to the estate of the father of Janet H. De Kay, the late Joseph Rodman Drake. And H. Eckford the grantor having devised the whole of his real and personal estate to the complainants, his executors, in trust for his children and grand-child, the bill in this cause was filed by such executors to establish the fact that the conveyance was intended only as a mortgage, and to redeem the premises upon payment of the amount due and interest; and the children of the decedent were made defendants, together with G. C. De Kay and wife in whom the legal title to the premises in controversy was vested. The two last named defendants having put in an answer denying the allegation that the conveyance was intended as a mortgage, the children of H. Eckford, who admitted the allegations contained in the bill, presented their petition to the chancellor for leave to examine the complainants M. Eckford and C. P. Clinch, two of the executors, as witnesses in behalf of the petitioners—they having consented to be thus examined.

*J. Rhoades,* for the petitioners. Charles P. Clinch and Francis R. Tillou, two of the executors, have no interest whatever in the suit, and are material witnesses as well for the co-plaintiffs as for some of the defendants. Mrs. Eck-

ford is also a material witness and has no other interest than a claim of dower which she is willing to release. In *Armiter* v. *Swanston*, (*Amb.* 393,) the court gave leave to one of the defendants to examine one of the plaintiffs as a witness who was a trustee. In that case a case before Ld. Hardwicke was cited, where such leave was given. (*See* also *The Mayor* v. ———, 1 *P. Wms.* 596; *Walker* v. *Wingfield*, 15 *Ves.* 178; *Houghman* v. *Sandys*, 2 *Sim. & Stu.* 221; *Davenport* v. *Davenport*, 1 *id.* 101; *Turner* v. *Turner*, 1 *Strange*, 708.) In *Lloyd* v. *Makeam*, (6 *Ves. jun.* 145,) an order to strike out the names of two of the plaintiffs on giving security for costs, was made without consent. In *Motteux* v. *Mackreth*, (1 *Vesey, jun.* 142,) on its being shown that evidence of a plaintiff was necessary, and the defendant refusing to consent to his examination, the bill on motion was amended by making him a defendant, and the replication withdrawn on payment of costs, &c. (*See also Witts* v. *Campbell*, 12 *Ves.* 493; *Ewen* 4. *Atkinson*, 2 *Cox*, 393; *Cook* v. *Mancius*, 5 *John. Ch. R.* 95.) In *Rogerson* v. *Whitington*, (1 *Swanst.* 39,) an issue was ordered and one of the plaintiffs allowed to testify. (*See Hoffman's Pr.* 487, 502 *to* 508; *Hoffman's Master*, 20.)

*R. Sedgwick*, for G. C. De Kay and wife. The petitioners cannot examine Mrs. Eckford and Clinch as witnesses. Mrs. Eckford is directly interested to redeem the premises alleged to be mortgaged. The cases of examining plaintiffs as witnesses are where they consent, being examined against their interests. (2 *Mad. Pr.* 316.) But here one defendant wishes to examine against co-defendants a complainant having the same interest as himself. Complainants may move to strike out a co-complainant for the purpose of making him a witness, where such complainant is a mere nominal complainant, or one having no interest, (1 *Ves. jun.* 142;) as where the plaintiff to be stricken out has executed releases, (*Lloyd* v. *Makeam*, 6 *Ver.* 145; *Wilts* v. *Campbell*, 12 *id.* 493; *Ewer* v. *Atkinson*, 2 *Cox*, 393;) or where assignees move to strike out the name of a bankrupt. (*Cooper's Eq. Pl.* 28.) Mrs. Eckford cannot release her interest so as to

1837.

Eckford
v.
De Kay.

make her a witness. No case justifies such a course. It would introduce the alarming doctrine that any plaintiff may, when the shoe pinches, release and be a witness. A nominal assignment of interest or release in such a case would always be made with a secret reservation or one understood between the parties. As to Mr. Clinch, the executors are directed to pay him such salary or yearly compensation as they think proper for his specific services; and an executor, especially an executor in trust as in this case, is never a competent witness in equity to increase the assets. (*Hunt* v. *Beach*, 5 *Mad. Rep.* 353. *Mulvany* v. *Dillon*, 1 *Ball & Beat.* 409, 413.)

THE CHANCELLOR. Without expressing an opinion upon the question whether an executor in trust can be examined as a witness for the purpose of increasing the trust estate, as to which there appears to be some doubts in the courts of England, I am satisfied that Mrs. Eckford is not a competent witness in the present suit, even if the technical objection that she is a party did not exist. The sole object of the suit is to change what purports to be an absolute deed, from H. Eckford and his wife, into a mortgage; and to be permitted to redeem it as such. If the deed stands, her dower right in the premises is extinguished; but if it is redeemed as a mortgage, she will then be restored to her right of dower. Again; she is interested in increasing the fund and preventing its being diminished by costs or otherwise, inasmuch as she is to be provided for until 1840 out of the estate. Perhaps the interest of Clinch, under the provision in the will to pay him a yearly compensation for his special services, may be considered as merely nominal, although it was decided by the supreme court of one of our sister states that the allowance to which an executor was contingently entitled as a commission upon the sum to be recovered rendered him incompetent as a witness. (*Henderson and others* v. *Neff*, 11 *Serg. & Rawle*, 218.)

There is another objection to the competency both of Clinch and Mrs. Eckford as witnesses to sustain this suit; and that is their liability for costs if they do not succeed in establishing the claim set up in their bill. It appears to be

a well settled rule in all courts that a person in whose name a suit is brought, and who may be made liable for the payment of costs if he fails in his suit, is not a competent witness to establish the facts necessary to sustain such suit. (*Garde's Law of Evid.* 8, 9. *3 East. Rep.* 7. *Phillips* v. *The Duke of Bucks,* 1 *Vern.* 230. *Casey* v. *Beachfield; Gilb. Eq. Rep.* 98. *Gres. Ev. in Eq.* 243.) There is a class of cases in which a defendant has been permitted to examine a mere nominal complainant, with his assent, against the real plaintiff. This, however, is not a case of that description, as the object of the petitioners is to examine a part of the complainants as witnesses in favor of themselves and their co-executors, to enable them to sustain their suit. It is true, the application nominally is, to examine them as witnesses in favor of the petitioners who are defendants. But such an examination would be entirely useless if the testimony could not be read, upon the hearing, in favor of the complainants. For the bill in this cause must be dismissed, whatever the other defendants may prove, unless the complainants can establish the fact that the absolute conveyance to their testator was intended as a mortgage. In fact, the petitioners and a part of the complainants have a common interest in this application, so far as relates to the beneficial interest in the trust estate ; as two of the petitioners are the wives of two of the complainants, and ought more properly to have been made complainants, with their husbands, instead of being made defendants. (*Clarkson and wife* v. *Depeyster,* 3 *Paige's Rep.* 336.) Where the complainants and a part of the defendants have a common interest, adverse to that of the other defendants, an application by those defendants to examine a complainant against such other defendants is substantially the same as if the complainants themselves made the application ; in which case it is the settled law of the court that one complainant cannot be examined as a witness either in behalf of himself or of a co-complainant. (*Hewatson* v. *Tookey,* 2 *Dick,* 799: *Phillips* v. *Duke of Bucks,* 1 *Vern.* 230.) The proper course, where the nature of the suit will admit of such a change, is to move to strike out the name of the nominal com-

1837.

Kuypers
·v.
The Reformed
Dutch Church.

plainant who is not interested, and make him a party defendant, so that he may be examiued as a witness to sustain the suit. (*Lloyd* v. *Wingfield*, 1 *Hogan's Rep.* 192. *Motteau* v. *Macreth*, 1 *Ves. jun.* 142. *Lloyd* v. *Makeam*, 6 *Ves.* 145. *Nicholl* v. *Trustees of Huntington*, 1 *John. Ch.* 173.) This, however, does not appear to be a proper case for such an application.

The petition must be dismissed; but under the circumstances of this case—two of the petitioners being infants, I shall not charge the petitioners with costs. But the costs of opposing the application are to be taxed as costs in the cause if the defendants De Kay and wife succeed in their defence.