## Case No. 8,048.

### LANE v. The BUCK.

[9 Betts, D. C. MS. 47.]

District Court, S. D. New York. May 7, 1847.

WITNESS — CO-CLAIMANT — LIABILITY PAID FOR PURPOSE OF BECOMING WITNESS—DISCHARGE BY COURT OF CLAIMANT.

[1. A person, while remaining a party claimant upon the proceedings in court, cannot, by an

arrangement with his co-claimants, discharge himself from liability to the libelant, so as to become a competent witness for them.]

[2. The court can, against the consent of the libelant, discharge a claimant from the action, and render him admissible as a witness, where he has parted with all his interest, holds security from his co-claimants against liability for costs, and new stipulators are substituted.]

[This was a libel in rem by Valentine Lane against the brig Henry Buck.

[On exceptions to commissioner's report.]

BETTS, District Judge. The point discussed under exception to the commissioner's report is the competency of Woodside as a witness. He was master of the brig and part owner, and appeared to the libel and filed his answer in this suit. He stands also upon the stipulation entered into by the parties. This stipulation was discharged by an ex parte order of the court on the substitution of another person as stipulator, and his co-claimants introduced him as a witness before the commissioner in support of their case. It is represented that he had previously conveyed to them all his interest in the vessel, and that they had released him from all liability to contribute in the costs that may be decreed against them, and had further indemnified him against all costs to be adjudged against him in the suit. There can be no question that those steps were inadequate to qualify him as a witness whilst remaining a party upon the proceedings in court. He could not, by any act of his own or arrangement with his co-claimants, discharge himself from his liabilities in the action to the libelant, so as to be rendered a competent witness for them. And a liability for the costs of suit, certain or contingent, disqualifies him. [De Wolf v. Johnson] 10 Wheat. [23 U. S.] 367; 6 Paige, 565; 1 Greenl. Ev. § 329; 1 Phil. Ev. 69, note 122. It was indispensable that an order of court should be obtained permitting his examination, before his co-claimants could call the party as a witness. [De Wolf v. Johnson] 10 Wheat. [23 U. S.] 384; 1 Hoff. Ch. Prac. 485.

The question however, has been now raised and discussed whether the court can, against the consent of the libelant, discharge a claimant from the action and render him admissible as a witness. Chancellor Kent considered the point doubtful upon authority and admitted a party under such circumstances, rather upon a balance of the authorities, than on any well settled rule in favor of it. 6 Johns. Ch. 212. But on review of the case in the court of errors, the judge of the supreme court, thought upon the authorities, parties under such circumstances ought to be examined, subject only to the proper application of the facts to their credibility. 2 Cow. 186, 189. This practice is now familiar to courts of equity. 1 Barb. Ch. Prac. 256; 1 Hoff. Ch. Prac. 485; [De Wolf v. Johnson] 10 Wheat. [23 U. S.] 384. If the substitution of new stipulators in invitum as to the libelant

does not release the witness from liability to costs to him, still, even at law, in this state, the counter security he holds against such liability renders him a competent witness (18 Wend. 18; 14 Wend. 593) when not a party to the record. The testimony of Woodside as co-claimant must accordingly be excluded and the exception in this behalf be allowed, but on a proper case made, and on motion, his name may be stricken from the pleadings, and the other claimants be allowed to examine him. This decision in no way trenches upon, but is intended to be in subordination to, the rule that a party to the record is incompetent for that cause to be examined as a witness by either party—[Stein v. Bowman] 13 Pet. [38 U. S.] 209; [De Wolf v. Johnson] 10 Wheat. [23 U. S.] 367; [Scott v. Lloyd] 12 Pet. [37 U. S.] 145—so long as he retains his situation of party &c. upon the record.