## Leavitt and others *vs.* Steenbergen and others.

Where one of several plaintiffs in a suit in equity, who has no interest in the sub-
ject matter of the litigation, is a material witness for his co-plaintiffs, their proper
course, when the nature of the suit will admit of it, is to move for leave to strike
out his name as a plaintiff; and if he is a necessary party, to make him a party
defendant.  And on his name being stricken out as a plaintiff, he may be exam-
ined as a witness for his co-plaintiffs.

But where this is done, the remaining plaintiffs will, if required by the defendant,
be ordered to give security for costs; in case there is any doubt as to their pecu-
niary responsibilty.

In Equity.  Petition by the plaintiffs for leave to dismiss
their bill as to the plaintiff Machir, upon the grounds that his
demand, as a judgment creditor of the defendant Steenbergen,
had, since the commencement of the suit, been settled and paid,
and that he had no further interest in the prosecution of the
suit; and that he was a material witness for the other plain-
tiffs.  The bill was filed by the judgment creditors of Steenber-
gen, to vacate a sale of his property.  The petition stated that
the other plaintiffs were abundantly responsible for all the costs
which might be decreed in favor of the defendants.  The
defendants refused to relinquish their claim on Machir for their
costs in the suit.

*J. H. Raymond*, for the plaintiffs.

*E. Sandford*, for the defendants

Paige, J.  A party complainant cannot be examined as
a witness against the defendants, either in behalf of himself
or of his co-complainants.  A complainant who may be liable
for costs if he does not succeed in establishing the claim set up
in the bill, is not a competent witness to prove the facts neces-
sary to sustain the suit, although he has no personal interest in
the subject matter of the litigation.  In certain cases a defen

Leavitt *v*. Steenbergen.

dant is permitted to examine a mere nominal complainant, with his assent, against the real plaintiff. (*Eckford* v. *DeKay*, 6 *Paige*, 568, 9. 1 *Jacob*, 577.) But in no case can a defendant examine a plaintiff, as a witness, against his consent. (*Fereday* v. *Wightwick*, 4 *Russell*, 114. 15 *Vesey*, 178.)

The practice of the late court of chancery only permitted a defendant to be examined against a co-defendant or against the plaintiff, as to the matters in which he was not interested. (*Rule* 63.) Where one of the complainants, who has no personal interest in the subject matter of the litigation, is a material witness to prove the facts necessary to sustain the suit, the proper course, where the nature of the case will admit of such a change of parties, is to move to strike out the name of such nominal complainant, and if he is a necessary party, to make him a party defendant. And on his name being stricken out as a complainant, he can be examined as a witness for his co-complainants. (6 *Paige*, 569, *and the cases there cited.* 1 *John. Ch.* 173. 1 *Hoffman's Pr.* 487. 12 *Ves.* 493. *Ewer* v. *Atkinson*, 2 *Cox's Ch. Cas.* 393. *Motteux* v. *Mackreth*, 1 *Ves. jun.* 142.) And where it is required by the defendants, the remaining complainants may be ordered to give security for costs, (1 *John. Ch.* 173. 6 *Paige*, 567;) especially if there is any doubt as to their pecuniary responsibility. (*Wilts* v. *Campbell*, 12 *Ves.* 493.)

It seems to be the established practice of the court of chancery, to allow a plaintiff to strike out the name of a co-plaintiff who has no interest in the suit, in order to make him a competent witness in his behalf. The cases of *Bridges, &c.* v. *Armour, &c.* (5 *How. U. S. R.* 91,) and *Stein* v. *Bowman*, (13 *Pet. U. S. R.* 219,) were decided upon the ground that a party to the record, although divested of all interest in the event of the suit, was an incompetent witness in the cause. This is a settled rule at law. (4 *Wend.* 453. 10 *John.* 128. 20 *Id.* 142. 5 *Paige*, 251.)

In this case, the defendants do not deny that the remaining plaintiffs are abundantly responsible for the payment of their costs; nor do they pretend that any extra costs have been in-

.urred in the cause by reason of Machir's having been joined as a plaintiff in the suit. An order must be entered allowing the plaintiffs to dismiss the bill as to the plaintiff Joseph J. Machir, or to strike out his name as a plaintiff in the bill, on payment of ten dollars costs to the defendants for opposing this motion.

SAME TERM.　　*Before the same Justice.*