THE STATE OF MISSOURI EX REL. H. HORSKOTTLE, Appellant, *v.* BOARD OF HEALTH OF THE CITY OF ST. LOUIS, Respondent.

### June 10, 1884.

1. NUISANCE — ORDINANCES. — The passage of an ordinance that no brick-kiln shall thereafter be erected within three hundred yards of a dwelling-house, does not authorize the operating of a brick-kiln after it becomes a nuisance.

2. —— A legislative authority to carry on the work of operating a brick-kiln is not a defence to an action for a nuisance created in carrying on the work.

3. —— A brick kiln is not a nuisance *per se*, but may become a nuisance when streets are laid out and dwelling-houses are erected in the immediate vicinity.

4. —— It is immaterial that a brick-kiln which has become a nuisance was established before there were any dwelling-houses in its vicinity.

5. —— RES JUDICATA. —A prosecution for a violation of a city ordinance in erecting a brick-kiln within three hundred feet of a residence, does not involve the question of a nuisance and does not make that question *res judicata* as to the city.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

G. M. STEWART, for the appellant: That which has legslative sanction can not be a public nuisance. — *Crittenden* v. *Wilson*, 5 Cow. 165; *Fletcher*, v. *Railway Co.*, 25 Wend. 462; *The State* v. *Western, etc., Co.*, 2 Johns. 283; *People* v. *Platt*, 17 Johns. 195; Wood on Nuisances, sect. 757, and cases cited. There can be no question of the power to license brick-kilns. They are not a nuisance *per se.* — Wood on Nuisances, sect. 519, and cases cited. It would seem to be immaterial, however, if it were a nuisance *per se.* — *The State* v. *Clark*, 54 Mo. 17. The question is, can the respondent deprive us of the use of property which the charter and the city has given us the right to use? If not, then the respondent is proceeding without authority or warrant of law, and the writ should issue. — *Thomas* v. *Mead*, 36 Mo. 232; *Howard* v. *Pierce*, 38 Mo. 296; *Trainer* v. *Porter*, 45 Mo. 336; *The People* v. *Works*, 7 Wend. 486; *The State ex rel. Jones* v. *Laughlin*, 73 Mo. 443; *The State ex rel.* v. *Lewis*, 76 Mo. 370; *The State* v. *Wilcox*, 24 Minn. 143.

LEVERETT BELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition of relator contains the following allegations: Relator owns a lot, 2310 and 2312 Madison Street, in the city of St. Louis, on which he has continually operated since 1874 a brick-yard and brick-kiln; these have been constantly operated in the same manner as all brick-kilns then and since operated in said city are and have been operated. On September 4, 1883, the health commissioner of

St. Louis reported this brick-kiln of relator to the board of health of that city as a nuisance detrimental to public health, and cited relator to appear before said board on September 13, to show why the same should not be abated. Relator, in obedience to this summons, appeared and demurred to the jurisdiction, on the grounds: 1. That the brick-kiln was established before the then existing city charter, and before the passage of ordinances respecting the establishment of brick-kilns in St. Louis, wherefore relator has a license to operate his kiln. 2. The second district police court of St. Louis, on complaint of the chief of police against relator for maintaining this brick-kiln, on hearing, adjudged in favor of relator's right to maintain this kiln. This demurrer was overruled by the board of health, which then proceeded to declare the brick-yard and brick-kiln of relator a public nuisance detrimental to the public health, and now proposes to · proceed to take steps to abate the same. Section 34 of article 3 of the city charter of 1876, provides that no brick-kiln shall be located within 300 feet of any dwelling-house built or inhabited before such location, without the consent in writing of the owner and occupant of every such house; and that the municipal assembly shall provide by ordinance for the effectual enforcement of this section. Afterwards, on March 29, 1881, sections 16 and 17 of article 17, chapter 14, of the revised ordinances of St. Louis were enacted, by which it is provided that " hereafter no brick-kiln shall be located within 300 feet of any dwelling-house built and inhabited before such location, without the consent in writing of the owner and occupant of every such house; " the violation of the provision to be a misdemeanor punishable by fine; and, also, that any person operating a brick-kiln within 300 feet of any dwelling, without the consent in writing of the owner and occupant, shall be fined not less than $25 for every day he so operates such kiln. These ordinances are still in force; and relator was prosecuted under them in the

police court, which court on September 18, 1883, found relator not guilty, on the ground that his kiln was located and operated before the charter and ordinances aforesaid were adopted. This judgment is in force; and relator claims that it is conclusive against the city as to relator's right to operate his kiln. Relator prays for a writ requiring the board of health to show cause why a writ of prohibition should not issue commanding it to desist from further action in the premises and from executing its order condemning relator's brick-kiln.

To the alternative writ issued on this petition, the respondent made answer : That all the proceedings in question before the board of health were ended on the 8th of October, twenty days before relator's application herein ; that on said day, the board of health, by virtue of the charter and ordinances above set out, after hearing evidence in the matter, condemned the kiln in question as a nuisance detrimental to public health. The particulars of these proceedings, and the notice to relator, are set out, and it is alleged that they were in conformity to law; that the relator appeared and defended by counsel, and that these proceedings were within the jurisdiction of the board of health. Respondent puts in issue the alleged judgment of the police court ; but says that it had no operation to oust the jurisdiction of the board of health in the premises.

Relator demurred to this return, on the ground that it states no defence. The demurrer was overruled, and the information was dismissed.

We see nothing in the facts admitted by the pleadings in this case which tend to show that the board of health exceeded its jurisdiction in condemning this brick-kiln as a nuisance.

We see nothing in the language of the charter and ordinances set forth by relator which can be taken to be a license to continue to operate, within the city of St. Louis, all brick-kilns in operation at the time the charter was

adopted, no matter what may be the changes in the neighborhood in which the kiln may exist. A brick-kiln is not *per se* a nuisance. *Huckenstein's Appeal*, 70 Pa. St. 106. "There is no case," says Mr. Wood (Nuis., sect. 535), "in which brick-burning has ever been held to be a public nuisance; but there is no doubt that it would be so, when carried on so near to a city or town, or a public street, that the public were thereby materially annoyed and injured; but, being a business that is generally conducted away from public places, it has never come under the purview of the criminal courts. This, as well as any other business producing smoke and noxious vapors, may lawfully be conducted so far from public places and human habitations that the smoke and vapors are so diffused and attenuated before they reach such places, as to produce no material injury or annoyance."

A nuisance is not the necessary result of burning brick; and where a nuisance is not the necessary result of the work authorized, legislative authority to create a nuisance will not be inferred from any license or authority to carry on the work, and legislative authority merely to carry on the work will not be a valid defence to a public prosecution or to a private action for a nuisance created in carrying it on. What was not contemplated in a grant, is not authorized by it. Thus, legislative authority to construct a canal, or to dam a stream, will not protect the grantee or licensee from nuisances created by the stagnancy of the water occasioned by the dam. *Clark v. Mayer*, etc., 13 Barb. 32; *The People v. Gas-Light Co.*, 64 Barb. 55; *Reg. v. Bradford N. Co.*, 6 B. & S. 631.

Even what is a nuisance *per se* may be carried on in a remote locality so as to be no common annoyance to the public. And, on the other hand, what is not a nuisance *per se*, such a trade as has been harmlessly and beneficially carried on for years in a particular locality, may become a public nuisance without any

change in the way in which it is conducted, by reason of public streets being laid out near it, or numerous dwellings erected in its vicinity, so that it becomes a serious annoyance. The business of burning brick is a lawful and necessary business; the question as to whether it is a nuisance or not is to be determined largely by the surroundings of the brick-kiln. It has been held a nuisance when within three hundred and fifty yards of a residence (*Beadmore* v. *Treadwell*, 31 L. J. (N. S.) 873), and *prima facie* a nuisance within one hundred yards of a dwelling. *Bassham* v. *Hall*, 22 L. T. 116. And it was held no answer to say the business had been carried in the same place for seventeen years. *Bamford* v. *Tumley*, 2 B. & S. (Q. B.) 62. Where a brick-yard is a nuisance, it is immaterial that it was used before plaintiffs bought their lands or built their houses (*Brady* v. *Weeks*, 3 Barb. 156), "because one can not place upon his land anything which the law would pronounce a nuisance, and thus compel his neighbor to leave his land vacant, or to use it only in such a way as the neighboring nuisance will allow," as is said by Earl, J., in *Campbell* v. *Seaman* (63 N. Y. 584). In this last case the defendant claimed a prescriptive right to burn brick on his land; and the referee found that the premises of defendant had been known and used as a brick-yard for over twenty-five years, though not so used continuously during the entire period, but it was held that the finding warranted no such prescription, and that plaintiff's right to an injunction was not affected by the fact that the brick-yard was used before plaintiff purchased.

We see nothing in the charter and ordinances set up by relator which deprives the board of health of its jurisdiction to declare his brick-kiln a nuisance, and to abate it as such. The provisions cited prohibit the location of brick-kilns within three hundred yards of a dwelling without a written consent; but they neither say nor imply that existing brick-kilns within the limits of the city — embracing, as

those limits do, immense tracts of suburban and country property — are to be allowed to remain, no matter what changes may take place in the localities in which they exist, and whether they become nuisances or not. The city is authorized by its charter "to declare, prevent and abate nuisances." 2 Rev. Stats., p. 1586; art. III., sect. 26, par. 69. The method pursued by the board of health and the health commissioner seems to be that provided by law (chart., art. XII., sect. 6), and we see no reason why they should be prohibited from carrying it into effect.

The conviction in the police court is manifestly not any adjudication of the question before the board of health. The relator was there tried for operating a brick-kiln without consent of his neighbors, in violation of the ordinance. In such case the question of nuisance does not properly arise at all.

We think that the circuit court properly denied the writ, and its judgment should be affirmed. It is so ordered. All the judges concur.