RICHARD CROKER, JR., Respondent, *v.* NEW YORK TRUST
   COMPANY, as Temporary Administrator of the Estate
   of RICHARD CROKER, Deceased, Appellant, and HOWARD
   CROKER et al., Respondents.

Equity — contract — decedent's estate — evidence — promisee
may maintain action in equity to enforce promise for benefit
of third parties — plaintiff in such an action against adminis-
trator of deceased promisor a party interested and incom-
petent to testify to oral agreement with decedent — quære
whether plaintiff is " person from, through or under whom "
third parties derived their title.

1. A promisee who has parted with a substantial sum in exchange
for the promise of another to pay a similar amount to third party
beneficiaries may maintain an action in equity to enforce the contract.

2. In such an action, brought against the administrator of one
deceased, an oral contract between decedent and the plaintiff for the
benefit of third parties may not be established by the plaintiff's testi-
mony. Though he has no other direct financial interest in the result,
he may be made liable for costs if he fails in his suit and, therefore,
is a " party " and " person interested in the event " within the mean-
ing of section 347 of the Civil Practice Act.

3. Authorities upon the question whether plaintiff is " a person
from, through or under whom " the third parties derived their title,
collated and discussed.

   *Croker* v. *New York Trust Co.*, 216 App. Div. 832, reversed.

   (Argued February 28, 1927; decided March 29, 1927.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered May 27, 1926, unanimously affirming
a judgment in favor of plaintiff and defendants, respond-
ents, entered upon a decision of the court on trial at
Special Term.

   *Edmund L. Mooney, Wilber W. Chambers* and *Jacob
Quat* for appellant. Plaintiff has no cause of action in
equity. (*Seaver* v. *Ransom*, 224 N. Y. 233; *Parsons* v.

                              2

*Teller*, 188 N. Y. 318; *McGovern* v. *City of New York*, 234 N. Y. 377; *Balfour* v. *Balfour*, 88 L. J., K. B. D. 1054; *De Cicco* v. *Schweizer*, 221 N. Y. 431; *Wisconsin & Michigan Ry. Co.* v. *Powers*, 191 U. S. 379.) The courts below erred in admitting, over defendant's objection, the testimony of the plaintiff, in support of the alleged agreement. His testimony was incompetent under section 347 of the Civil Practice Act. The exception taken to the admission of this evidence was well taken and requires a reversal of the judgment. (*Kelsey* v. *Cooley*, 11 N. Y. Supp. 745; *Allis* v. *Stafford*, 14 Hun, 418; *Squire* v. *Greene*, 38 App. Div. 431; *Franklin* v. *Kidd*, 219 N. Y. 409; *Carpenter* v. *Soule*, 88 N. Y. 251; *Albany Co. Sav. Bank* v. *McCarty*, 149 N. Y. 71; *Jones* v. *Thomas*, 76 App. Div. 596; *Hungerford* v. *Snow*, 129 App. Div. 816; *Whitehead* v. *Smith*, 81 N. Y. 151.) Plaintiff was the person from, through or under whom the defendants-respondents derived their interests. (*Rosseau* v. *Rouss*, 180 N. Y. 116; *Harrington* v. *Schiller*, 231 N. Y. 278; *Bouton* v. *Welch*, 170 N. Y. 558; *Wadsworth* v. *Heermans*, 85 N. Y. 639; *Eisenlord* v. *Clum*, 126 N. Y. 552; *Hunter* v. *Herrick*, 26 Hun, 272; 92 N. Y. 626; *Miller* v. *Montgomery*, 78 N. Y. 282; *Griswold* v. *Hart*, 205 N. Y. 384; *Hixson* v. *Rodbourn*, 67 App. Div. 424.)

*Frederick R. Ryan, Samuel A. Adamson* and *Sydney Ehrlich* for respondents. The contract in suit is an agreement on a valuable consideration and enforcible as such; it is also a valid contract for the sole benefit of third parties. This action is properly brought in equity with all the parties before the court. (*Borland* v. *Welch*, 162 N. Y. 104; *De Cicco* v. *Schweizer*, 221 N. Y. 431; *Galvin* v. *O'Neill*, 108 Misc. Rep. 297; *Seaver* v. *Ransom*, 224 N. Y. 233; *Todd* v. *Weber*, 95 N. Y. 181; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Little* v. *Banks*, 85 N. Y. 258; *Rochester Telephone Co.* v. *Ross*, 195 N. Y. 429; *Smyth* v. *City of New York*, 203 N. Y. 106; *Pond* v. *New Rochelle*

*Water Co.*, 183 N. Y. 330; *Rigney* v. *N. Y. Central & H. R. R. R. Co.*, 161 App. Div. 187; 217 N. Y. 31.) Plaintiff was a competent witness under section 347 of the Civil Practice Act since he did not testify in his own behalf or interest, and the interests of defendants-respondents were not derived from, through or under him. (*Whitehead* v. *Smith*, 81 N. Y. 151; *Harrington* v. *Schiller*, 231 N. Y. 278; *Albany County Savings Bank* v. *McCarty*, 149 N. Y. 71; *Hungerford* v. *Snow*, 129 App. Div. 816; *Jones* v. *Thomas*, 76 App. Div. 596; *Moore* v. *Oviatt*, 35 Hun, 216; *Franklin* v. *Kidd*, 219 N. Y. 409.)

POUND, J. Plaintiff sued in equity to recover on an oral contract made by him with his father, Richard Croker, deceased, whose administrator, the New York Trust Company, is one of the defendants, for the benefit of the other defendants, his brother Howard and his sister Ethel, whereby in consideration of plaintiff's promise to transfer to Howard his share in his mother's estate, Richard Croker agreed, upon being notified of the amount of such share, to pay a like amount to Howard and to Ethel. Plaintiff established the amount of his one-fourth interest in the estate of his mother at $76,191.15 and the payment thereof to Howard. The total of each share with interest has been computed at $114,587.29 and plaintiff has recovered for the benefit of his brother and his sister the sum of $229,174.58. After the unanimous affirmance by the Appellate Division prior to July 15, 1926, no question of fact remains for our consideration.

Appellant contends that although the defendants Howard and Ethel might have recovered the amount of their shares in an action at law against Richard Croker or the administrator of his estate as third party beneficiaries under the rule of *Lawrence* v. *Fox* (20 N. Y. 268) and *Seaver* v. *Ransom* (224 N. Y. 233), the plaintiff may not maintain an action in equity for the enforcement of their cause of action. That plaintiff's remedy in law would

be inadequate is obvious. He has suffered no pecuniary damage by the failure of the promisor to perform his agreement. His injury in law is, therefore, purely technical. It has been suggested (Williston on Contracts, §§ 358, 359) that a court of equity is the only proper forum for such actions so that all parties in interest may be before the court. Although the right of the beneficiary in such a contract to maintain an action thereon has been upheld, and although no reported case has been cited where equity has been invoked by the promisee to enforce the liability of the promisor to the third party beneficiaries, the suit in equity should be sustained in principle. The contract is with the promisee and the promisor was under an equitable obligation to him to perform. The promisee, while not financially interested in the result, except as to the question of costs, is interested in asserting the duty of the promisor to carry out the terms of the contract. "Equity insists upon the conscientious obligations of the suitors." Otherwise we must hold that a promisee who has parted with a substantial sum in exchange for the promise of another to pay a similar amount to third party beneficiaries is remediless. The procedure adopted provides adequately for the situation and should be upheld.

When it comes to the competency of proof to sustain plaintiff's cause of action, questions of substance arise under Civil Practice Act, section 347, formerly Code of Civil Procedure, section 829. The oral contract between plaintiff and his father was established by plaintiff's evidence. At common law parties and persons interested in the event of the suit were disqualified from being witnesses in their own behalf. The common-law rule has been almost universally abolished, but in New York an important exception is preserved by section 347, Civil Practice Act. The intention of this statute is that the surviving party to an action against the deceased's estate shall not have the advantage of giving his version of the matter in controversy in his own behalf or interest or in

behalf of those who derive their title or interest from him when the other party is prevented by death from being heard to contradict or explain it. To hold otherwise has been thought to imperil the estates of the dead by subjecting them to the uncontradicted perjuries of the mendacious. Meritorious claims have thus been sacrificed to the general interest in order to prevent fraud and injustice. We still find the meaning of " party " and " person interested " as disqualifying terms in the old common-law decisions.

Three questions present themselves:

1. Is plaintiff a *party* " examined as a witness in his own behalf or interest? "

2. Is he a *person* " interested in the event? "

3. Is he " a person from, through or under whom " his brother and sister derive their interest or title by assignment or otherwise?

The first two questions become on examination practically one and inseparable in meaning and application. It is contended that plaintiff is neither a party examined in his own behalf or interest nor a person interested in the event because, as stated in *Eisenlord* v. *Clum* (126 N. Y. 552, 556), he had, although nominally called to testify in his own behalf, no " direct and certain interest in the event of the cause or an interest in the record for the purpose of evidence; " was merely a titular party; and in the words of HISCOCK, Ch. J., in *Harrington* v. *Schiller* (231 N. Y. 278, 285) had no " financial interest in the event of the litigation which would be supported and forwarded by the testimony which " he gave. Parties were disqualified at common law not so much as parties as because of their interest in the event of the litigation. " Every person so circumstanced, *however small and insignificant* the amount of his interest, was presumed to be incapable of resisting the temptation to perjury; and every judge and juryman was presumed to be incapable of discerning perjury under circumstances peculiarly calculated to

excite suspicion and watchfulness." (See 1 Wigmore on Evidence [2d ed.], p. 999.) Parties are now clearly competent under section 347 to testify against their own interest as to personal transactions with a deceased person, as when called by an adverse party. As at common law, the fact that the witness is a party to the record is not controlling. An interest in the question is not enough to disqualify as that is not an interest in the event. " Unless the witness will gain or lose by the event, either directly, as in money, or indirectly, because the record could be used as evidence for or against him, he is not disqualified." (*Albany Co. Sav. Bank* v. *McCarty*, 149 N. Y. 71, 84.) A witness might be biased. He might be solicitous for the success of the party for whom he testified or he might feel a deep interest in the result of a trial. His credibility might be thereby affected but he was not disqualified for interest.

Plaintiff was called nominally in his own behalf but he had no direct financial interest in the result, except in the costs. If he had a financial interest to this extent, we need not determine whether his interest in vindicating his contractual right would disqualify without more. At common law a party was disqualified by interest because of the possibility that costs might be taxed against him in the event of an adverse decision. In *Rue* v. *Sprague* (1 Johns. 510) the court said: " One of the plaintiffs was sworn as a witness, *and though a mere trustee*, he was liable for costs, and so far interested." It has been held below that as costs in an equity action are in the discretion of the court, plaintiff's interest in the event by reason thereof is not direct and certain but contingent and doubtful. The common law does not recognize this distinction. WALWORTH, Ch., in *Eckford* v. *De Kay* (6 Paige, 565, 569) states the " well settled rule " without qualification as follows: "A person in whose name a suit is brought, and who *may be* made liable for the payment of costs if he fails in his suit, is not a competent witness to establish

the facts necessary to sustain such suit." Plaintiff might have been made liable for the payment of costs if he had failed in his suit. It follows that he was a person interested in the event. (*Poucher* v. *Scott*, 33 Hun, 223; affd., 98 N. Y. 422.)

We need not consider definitively the remaining question whether plaintiff was " a person from, through or under whom " his brother and sister derived their title or interest by assignment or otherwise, except to note the state of the authorities under that head. Plaintiff was the medium through whom the contract was entered into on behalf of Howard and Ethel; the person to whom the promise was made on their behalf; yet they did not derive their interest by assignment or anything resembling assignment from him. It was held that the medium was competent as a witness in *Healy* v. *Healy* (55 App. Div. 315; affd., 166 N. Y. 624, on opinion in *Winne* v. *Winne*, 166 N. Y. 263); and again in *Bouton* v. *Welch* (170 N. Y. 554). The court decided that when a third person sues on a contract made for his benefit he does not derive his interest from the party who furnished the consideration for the contract within the meaning of former section 829 of the Code of Civil Procedure. The contrary doctrine was upheld in *Rosseau* v. *Rouss* (180 N. Y. 116) although the prevailing opinion sought to distinguish the earlier cases rather than to discredit them. The court, speaking by HISCOCK, Ch. J., in *Ward* v. *N. Y. Life Ins. Co.* (225 N. Y. 314, 319), without discussing the earlier cases on this point, refused to exclude the evidence of the wife as to personal transactions between herself and her husband for the purpose of establishing an assignment to her of an insurance policy although in a substantial sense it was due to the act of the insured that the beneficiary became entitled to the proceeds of the policy. The broad authority of *Rosseau* v. *Rouss* (*supra*) has thereby by implication been somewhat shaken. But, as stated by CULLEN, Ch. J., in his blunt and vigorous concurring memorandum in

that case, the general rule remains, that when a third person sues on a contract made for his benefit he derives his interest from the party who furnishes the consideration for the contract and is incompetent as a witness to personal transactions and communications between himself and the deceased. Under this rule, plaintiff, promisee, was clearly incompetent to testify to personal transactions with the deceased promisor for the benefit of the third party beneficiaries. Whether it would be applied if necessary to a decision or whether the closer if less ethical reasoning of the earlier cases would now be accepted, we need not determine.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not voting.

Judgment accordingly.