In the Matter of Proving the Last Will and Testament of CHARLES RADLEY, Deceased.

CHARLES C. PERKINS, Executor, and Another, Appellants; AGNES L. MOORE and Another, Respondents.

Third Department, January 15, 1930.

120

*Arthur W. Morse*, for the appellants.

*Lee & Carter* [*Glenn F. Carter* of counsel], for the contestant, respondent.

*Julien Scott*, special guardian.

HILL, J. The surrogate, after a trial without a jury, probated the last will and testament of Charles Radley, dated April 30, 1920, and rejected a codicil thereto dated February 10, 1922. The testator died June 1, 1928, eighty-two years of age. He was survived by two children, two grandchildren and one great-grandchild. The material changes made by the codicil are the revocation of the legacies in favor of a granddaughter, Agnes L. Moore, and a trust of $500 for the benefit of her daughter, Edna Moore, was substituted for a direct legacy of a like amount. Charles C. Perkins was the executor named in the will. He was also named as trustee in the codicil. The provisions of this trust were that Perkins was authorized to use the income and principal if necessary for the support, maintenance and education of Edna before she became twenty-one, the remainder to be paid to her at that time. If she

should die before she became twenty-one, the amount of the fund then remaining was divided equally between him and the two children of the testator.

After the testator sold his farm and home, he lived for about a year and a half with Agnes L. Moore and her family. Because of a disagreement as to the price he was asked to pay for care and maintenance, he left their home in January, 1922, saying he would never return. During the remaining six years of his life he saw the Moore family but once when they called upon him at his daughter's residence. Upon leaving the Moore home he went to the residence of his friend Perkins, and remained two or three months before taking up his abode with his daughter, where he stayed until he died. The will was drawn while he was at Moore's and the codicil while at Perkins'. The contestants called three lay witnesses who told of acts indicating loss of memory, which they considered irrational, as they did statements made by the testator during the day that it was his bedtime. Want of testamentary capacity was not shown by these statements, as he was a sick old man, partly paralyzed, and spent much of his time in bed. Witnesses on behalf of the proponent described the testator as normal except that he was ill, partially paralyzed and infirm. The only medical witness testified that he had testamentary capacity.

The surrogate in his opinion says that the disagreement in regard to the amount paid for care and maintenance was not sufficient to cause a rationally minded person to revoke the legacies to Mrs. Moore. She had lived with testator and his family from infancy until she was twenty-one and apparently he felt bitter that in his illness and comparative poverty he was asked to pay more than he thought just for maintenance in her home. The disposition which a man makes of his property by will is not invalidated because its provisions are unequal or unjust, or the result of passion or of other unjustifiable sentiment. Neither is the presumption in favor of a will overcome by showing that the testator was of advanced age or enfeebled in mind and body. (*Dobie* v. *Armstrong*, 160 N. Y. 593.)

The codicil was prepared by an attorney from a written memorandum delivered by Perkins, and sent to decedent and he executed it at the Perkins home, two members of that family being the witnesses. Some months later he inquired of the attorney in regard to the provisions of the trust for the benefit of Edna, indicating that he knew and understood what he had done. The contestants argue, upon the authority of *Matter of Smith* (95 N. Y. 516), that undue influence exercised by Charles Perkins was proven in this case; that he was required to explain the preparation of

the written memorandum which he delivered to the attorney from which the codicil was prepared, and to satisfy the court that it was the free and untrammeled expression of the testator. Apparently this impressed the surrogate, for several pages of his opinion are devoted to the citation of authorities as to the inference to be drawn from the failure of Perkins to be sworn by the proponent. The proponent says that Perkins was not called as a witness because section 347 of the Civil Practice Act disqualified him to testify to a personal transaction with the testator, he being a legatee of one-sixth of the residuary, and a contingent legatee of one-third of the unexpended part of the $500 trust fund, if Edna died before she became twenty-one. The surrogate says that this did not disqualify Perkins. The amount of financial benefit which Perkins would receive as the result of the probate of the codicil was inconsiderable and probably contingent, as doubtless nothing will remain after the specific legacies are paid. An interest no matter how " small and insignificant " and whether " direct and certain " or " contingent and doubtful " disqualifies. (*Croker* v. *New York Trust Co.*, 245 N. Y. 17.) The surrogate was in error. While Perkins was disqualified as a witness on behalf of the proponent, his evidence would have been competent if called by the contestants. They did not sustain the burden of establishing undue influence.

The decree appealed from should be reversed on the law and facts, with costs to the appellants payable from the estate, and a new finding made that the decedent had testamentary capacity and was not under any restraint at the time he executed the codicil, and the proceeding should be remitted to the Surrogate's Court for the entry of a decree in accordance herewith, and for the allowance of costs other than those made to the appellant on this appeal.

VAN KIRK, P. J., HINMAN, WHITMYER and HASBROUCK, JJ., concur.

Decree in so far as it denies probate of the codicil reversed, on the law and facts, with costs to appellants payable out of the estate, and the proceeding remitted to the Surrogate's Court with directions to enter a decree in accordance with opinion, with costs in Surrogate's Court in the discretion of the surrogate.

The court finds that the decedent had testamentary capacity and was not under any restraint at the time he executed the codicil.