BRONISLAWA LAKA, as Administratrix, etc., of FRED LAKA, Deceased, Plaintiff, *v.* JAN KRZYSTEK, Defendant.

County Court Niagara County, May 1, 1930.

*Angelo F. Scalzo*, for the plaintiff.

*Lee & Greenwald*, for the defendant.

GOLD, J. The action is brought to recover upon a promissory note dated December 8, 1925, signed by the defendant, in the amount of $500, payable upon demand, with interest at five per cent.

The defendant claims that the note has been paid. He offered as a witness his wife, who testified as to payments she claims were made upon the note. Objections were made to her testimony at the time the same was offered and the court received it, reserving the right to strike it from the record if he became satisfied of the incompetency of the same. In his decision the City Court judge struck the testimony of the defendant's wife from the record and without that testimony rendered a verdict in favor of the plaintiff.

Apparently the witness made a favorable impression on the judge. In his opinion he states: " This witness impressed the court most favorably and if her testimony had been competent, judgment would have been granted dismissing the complaint, but with her testimony eliminated, there is no proof of payment, therefore, judgment is directed in favor of plaintiff and against defendant."

According to the testimony, the defendant and his wife, Julia

Krzystek, went to the decedent for the purpose of borrowing $500. Decedent made the loan and although defendant's wife was willing to sign a note with her husband, the decedent was willing to accept and did accept a note signed by the husband alone. The money was used in the purchase of real property, which was deeded to the defendant and his wife as tenants by the entirety.

On the question of payments the plaintiff contended that the testimony of defendant's wife was inadmissible under section 347 of the Civil Practice Act, in that she was a person interested in the event. The following statement appears on his brief filed on this appeal: " Mrs. Krzystek was interested in the event, because if a judgment was rendered against her husband she would be liable to her husband in an action by her husband against her for one-half of this amount for the reason that this money was applied in the payment of property jointly owned by them."

The general rule with regard to interest necessary to disqualify a witness is laid down as follows: The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action or proceeding. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent.

" An interest in the question is not enough to disqualify as that is not an interest in the event. ' Unless the witness will gain or lose by the event, either directly, as in money, or indirectly, because the record could be used as evidence for or against him, he is not disqualified.' (Albany Co. Sav. Bank v. McCarty, 149 N. Y. 71, 84.) A witness might be biased. He might be solicitous for the success of the party for whom he testified or he might feel a deep interest in the result of a trial. His credibility might be thereby affected but he was not disqualified for interest." (Croker v. New York Trust Company, 245 N. Y. 17.)

Applying the rule above set forth to the facts in this case, can it be said that Mrs. Krzystek, wife of the defendant, was interested in the event? I find no evidence that would make her liable to her husband in an action brought against her by her husband for one-half of this amount. It very frequently happens that a husband will use his own money or even borrow money with which to pay the purchase price of real estate and take title in himself and his wife as tenants by the entirety. Does this in and of itself make his wife liable to the husband for one-half of the value of the property when there is no agreement on her part to pay the same and no intention on the part of the husband that she should do so? I think not. I think there must be some affirmative act or agree-

ment on the part of the husband and wife in order to make her liable.

A large number of deeds are taken in the names of husband and wife as tenants by the entirety for the purpose of vesting complete title in the survivor upon the death of one without any thought of reimbursement by one to the other. Without any evidence in the record to the contrary, I think that that was the intention of the defendant and his wife in this transaction.

The defendant's wife would neither gain nor lose by the direct legal operation and effect of the judgment in this action, neither would the record be legal evidence for or against her in some other action or proceeding.

The trial judge stated that if the testimony of the witness had been competent, judgment would have been granted dismissing the complaint.

I think the judge committed error in rejecting the testimony of the witness as incompetent.

The judgment of the City Court is reversed and complaint dismissed.