ENTERPRISE FIXTURE CO., INC., Appellant, *v.* MAX LIEBERMAN and Others, Respondents.

First Department, February 9, 1934.

*Samuel Lesser* of counsel [*Lesser & Lesser*, attorneys], for the appellant.

*Jesse L. Stern*, for the respondents.

UNTERMYER, J. The defendants are trustees under a written agreement whereby the plaintiff assigned to them, as trustees, all of its assets to make equal distribution among the plaintiff's creditors. The complaint alleges that the assignment was of assets amounting to $31,027.78, and that the plaintiff's liabilities were only $19,180.86. The assignment to the defendants, as trustees, provides for the liquidation of the assets and for the distribution of the proceeds *pro rata* among the plaintiff's creditors. It is further provided that upon payment in full of the claims of creditors all funds or property remaining in the hands of the trustees shall be reassigned to the plaintiff.

This action was brought by the plaintiff to remove the defendants, as trustees, upon allegations of misconduct in office and for the appointment by the court of other trustees in their place. The first affirmative defense contained in the defendants' answer alleges that the defendants have not fully completed their duties and have not fully collected or liquidated the assets which they hold as trustees. It is further alleged that there is and will be no surplus to be returned to the plaintiff after payment of its creditors in full. It is accordingly pleaded that the plaintiff has no interest in the trust estate and, furthermore, that, in so far as the complaint demands an accounting by the defendants, it is premature. The plaintiff moved to strike out this defense as insufficient in law. The motion was denied.

We think the first defense is insufficient upon its face and that the plaintiff's motion should have been granted. The plaintiff has a direct interest in the proper execution of the trust. (*Croker* v. *New York Trust Co.*, 245 N. Y. 17.) Moreover, it has an interest in requiring that the assets transferred to the defendants shall be applied to reduce so far as possible, even if they do not fully satisfy, the claims of creditors. If the defendants have been delinquent in the administration of the trust, the plaintiff is entitled to maintain an action to secure their removal even before the trust is fully

executed. It need not wait until the trustees have dissipated such assets as remain. An accounting in such a case is merely incidental to the principal relief. If the allegations of the complaint are found to be sustained and the trustees are removed, an accounting to successor trustees will be necessary, and this, in substance, is the prayer of the complaint.

The question whether the plaintiff's creditors who have executed the agreement should have been joined as parties to this action is not before us and is, therefore, not considered on this appeal.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to strike out the first affirmative defense should be granted.

FINCH, P. J., and TOWNLEY, J., concur; MERRELL and GLENNON, JJ., dissent.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion granted.