so far as appears, he utterly failed. The motion, therefore, for the peremptory writ of mandamus should have been denied on this ground.

I am also of the opinion that the board of education acted within its powers. when it transferred the relator, and that the board of estimate and apportionment acted within its powers when it fixed his salary at $2,100 per year. Section 1101, Greater New York Charter (Law 1901, p. 483, c. 466). It must be that the board of education has the power, if a position becomes unnecessary, either to abolish it or transfer the person holding the same to some other position in the department. Here, there is not even a suggestion that the relator's transfer was due to any personal dereliction of duty, to bad faith, or to anything except for the good of the service, and in the interest of economy. The resolution making the transfer was unanimous, as was also the report of the committee. In addition to this, it appears that at the present time there is only one auditor in the board of education, and that the person occupying that position has held the same continuously since March, 1898, a time prior to the relator's appointment. It matters not what the resolution may be termed. It, in effect, abolished the position occupied by the relator, and this the board had a right to do; the same having become unnecessary. The board of education may dispense with the service of a teacher or any of its clerical force, if they are unnecessary, without the preferment of charges against the person filling such position, or without passing a resolution formally abolishing the position. Matter of Cusack v. Board of Education, 174 N. Y. 136, 66 N. E. 677.

For these reasons, the order directing the issuance of a peremptory writ of mandamus should be reversed, with $10 costs and disbursements, and the motion for such writ denied, with $10 costs. All concur.

---

## In re ARNOLD.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. ADMINISTRATORS—APPOINTMENT—JURISDICTION OF PROBATE COURTS.

Code Civ. Proc. § 2476, provides that the Surrogate's Court of each county has exclusive jurisdiction to grant letters testamentary where a nonresident decedent dies without the state leaving personal property in that county and no other. Subdivision 4 gives such exclusive jurisdiction where decedent was not a resident of the state, and a petition for probate of his will or for a grant of letters of administration has not been filed in any Surrogate's Court, but real property of the decedent, to which the will relates, or which is subject to sale for his debts, is situated within that county and no other. Section 2477 provides that, where personal property of a decedent is within two or more counties under the circumstances specified in section 2476, subd. 3, or real estate of the decedent is situated in two or more counties under the circumstances specified in subdivision 4, § 2476, the Surrogates' Courts of such counties have concurrent jurisdiction to issue letters testamentary. *Held* that, where a nonresident decedent left personal property in several counties and left real estate in another county, and no letters of administration had been issued in the state, the Surrogates' Courts of the counties in which there was personal property had concurrent jurisdiction to issue letters.

**2. SAME—ASSETS—WHAT CONSTITUTES—CORPORATE STOCK.**

Corporate stock owned by a nonresident decedent is property within the county where the corporate property is, or where the corporation has its principal place of business, within section 2476, subd. 3.

**3. TAXATION—TRANSFER TAXES—APPRAISEMENT.**

On proceedings for the appraisal of the property of a decedent under the statute in relation to taxable transfers of property, it appearing that a devisee had sold the property for a certain sum, which was the best price that she could obtain, it was error to fix the value at a greater sum merely because a real estate appraiser testified that the property had such value.

Appeal from Surrogate's Court, New York County.

Judicial proceedings on the appraisal, under the act in relation to taxable transfers of property, of the property of Owen B. Arnold, deceased. Appeal from order of the Surrogate's Court confirming a report of appraisers. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

William T. Read, for appellant.

Charles M. Russell, for respondent.

INGRAHAM, J. The only question presented upon this appeal is whether the surrogate of the county of New York had jurisdiction in this proceeding. The decedent was a resident of the state of Connecticut, and his estate was there administered. He owned capital stock in various corporations, whose principal places of business were in the counties of New York, Albany, Rensselaer, and Saratoga. He had no other property in the state of New York, except certain real estate in the county of Erie, and no ancillary letters have been issued upon his estate in this state. The property assessed in this proceeding consists of shares of stock in the various New York corporations, and one piece of real property on the southwest corner of Lafayette avenue and West avenue, Buffalo, N. Y. The jurisdiction of the Surrogate's Court of New York county depends upon section 229 of the tax law (chapter 908, p. 873, Laws 1896, as amended by chapter 173, p. 384, Laws 1901), which provides that:

"The Surrogate's Court of every county or state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with the tax under this article * * * shall have jurisdiction to hear and determine all questions or do any act in relation thereto."

To give the surrogate jurisdiction of this proceeding, it must appear that the surrogate of the county of New York had jurisdiction to grant letters testamentary or of administration upon the estate of this decedent. The jurisdiction of the surrogate to grant letters testamentary is regulated by sections 2476 and 2477 of the Code of Civil Procedure. Section 2476 provides for cases where the Surrogate's Court in one county has exclusive jurisdiction. Exclusive jurisdiction is given to the Surrogate's Court (subdivision 3):

"Where the decedent, not being a resident of the state, died without the state, leaving personal property within that county, and no other; or leaving personal property which has since his death, come into that county, and no other, and remains unadministered."

And (subdivision 4):

"Where the decedent was not, at the time of his death, a resident of the state, and a petition for probate of his will, or for grant of letters of administration, under subdivision second or third of this section, has not been filed in any Surrogate's Court; but real property of the decedent, to which the will relates, or which is subject to disposition under title fifth of this chapter, is situated within that county, and no other."

Section 2477 of the Code provides for cases where two or more surrogates have concurrent jurisdiction:

"Where personal property of the decedent is within, or comes into, two or more counties, under the circumstances specified in subdivision third of the last section; or real property of the decedent is situated in two or more counties, under the circumstances specified in subdivision fourth of the last section; the Surrogate's Courts of those counties have concurrent jurisdiction, exclusive of every other Surrogate's Court, to grant letters of administration, as the case may require."

Reading these sections together, I think it clear that where, under subdivision 3 of section 2476, the decedent, not being a resident of this state, dies without the state leaving personal property in one county, the Surrogate's Court of that county has exclusive jurisdiction to grant letters of administration. When, however, personal property of the decedent is within two or more counties, then the Surrogate's Courts of the two or more counties have concurrent jurisdiction. A nonresident dying owning stock of a domestic corporation, such stock is, within the meaning of subdivision 3 of section 2476 of the Code of Civil Procedure, property within that county where the corporate property is, or where the corporation has its principal place of business.

The provisions of section 2476 of the Code apply to exclusive jurisdiction, and where there is no personal property within the state, and the decedent left real property in one county, and no other, that county has exclusive jurisdiction; but, under section 2477, where he left personal property within two counties, then both of those counties have concurrent jurisdiction. The words "no other" in section 2476 relate to exclusive jurisdiction, and do not affect the concurrent jurisdiction which section 2477 conferred upon these Surrogates' Courts where personal property of a decedent is in two or more counties. I think, therefore, the surrogate had jurisdiction.

The other question presented is as to the value of the estate assessed in Buffalo. It appeared that the devisee of the real property had sold the property for $1,600, and that was the best price that she could obtain. I think that to fix the value of that real property at $2,860, instead of the price at which the property actually sold, was unjust. Certainly the evidence of a real estate appraiser, who testifies to an opinion of the value of the property, is not sufficient to overcome an actual sale, where the evidence is that diligent efforts had been made to sell the property, and the price at which it was sold was the best that could be obtained.

The order should be modified by reducing the assessment of the appellant's property by the sum of $1,260, making it $7,356.50; and, as modified, affirmed, with $10 costs and disbursements to the appellant. All concur.