In the Matter of the Probate of the Last Will and Testament of HARRY L. BROWN, Deceased.

Surrogate's Court, Clinton County, April 16, 1928.

Surrogate's Court — jurisdiction — decedent executed will in this State while resident here and then removed to Ohio where he died — widow returned to Clinton county to make permanent residence and brought personal property with her — Surrogate's Court of Clinton county has jurisdiction to probate will under Surrogate's Court Act, § 45, subd. 3.

The Surrogate's Court of Clinton county has jurisdiction to probate decedent's will which was executed when he was a resident in this State, where it appears that he subsequently removed to Ohio where he lived until his death when his widow returned to Clinton county for a permanent residence without instituting administration proceedings in Ohio. The widow brought with her into this State and into Clinton county assets of decedent's estate consisting of various shares of stock and other securities together with approximately $5,000 which had been owing decedent and which the widow has deposited in a bank in Clinton county.

Subdivision 3 of section 45 of the Surrogate's Court Act gives the Surrogate's Court of Clinton county jurisdiction to admit the decedent's will to probate in the absence of proof showing that the assets came into the State in bad faith, and not in the natural course of circumstances arising from the widow's desire to reside in Clinton county rather than in Ohio.

The statute does not specify how the property of a non-resident decedent is to " come into " a county after decedent's death in order to give the Surrogate's Court of that county jurisdiction to name a representative of the estate. When it is shown that the removal was without any unlawful intent and that no prior administration of decedent's estate has been had, the court will assume jurisdiction.

PROCEEDING for probate of will.

*Allen & Allen* [*Seth S. Allen* of counsel], for the petitioner Agnes Greene Brown.

*Robert C. Booth*, special guardian, for Robert D. Brown and Harry L. Brown, 2d, infants.

HARRINGTON, S. The petition for probate alleges that the decedent died testate on October 23, 1927, at Toledo, O., and was at the time of his death a resident of Mansfield, O. Paragraph " second " of testator's will, after devising and bequeathing all

of his estate to his wife, Agnes Greene Brown, the petitioner herein, and the sole executrix of the will, provides as follows: " In giving all my property and estate to my wife I am not to be understood as forgetting or neglecting my infant son, but I rely upon the affection and care of my wife for our son and have confidence and faith that my wife will do everything for our son, or any children that may be born to us, that their interests and welfare require."

The will was executed in the State of New York on July 1, 1924, and at that time the testator was a resident of the State of New York. He later moved with his family to the State of Ohio, where he continued to live until his death. One of his children was born after the execution of this will.

The petitioner herein filed an affidavit with the petition for probate, in which, among other things, she alleges that after the decease of the testator she gave up housekeeping in Mansfield, O., and came to the home of her sister in Clinton county; that her two children are temporarily residing with their grandmother near Toledo, O., but that she intends to bring them to New York State shortly for permanent residence in this State. She also alleges that no application has been made in the State of Ohio or elsewhere for the appointment of a representative of decedent's estate; that decedent left considerable life insurance payable to her, and that from this she paid all of decedent's debts in Ohio; that she brought with her into the State of New York and the county of Clinton assets of decedent's estate consisting of various stocks and other securities, and that there has been sent to her since her arrival here certain moneys due and owing the decedent of about $5,000, which she has deposited in a bank in Clinton county.

Has this court jurisdiction to admit decedent's will to probate?

I have been particularly careful in considering this matter for this reason: If and when the will is admitted to probate by this court, the petitioner will undoubtedly request this court to construe that provision of the will above quoted, for the purpose of determining its effect upon the rights of the child born after the will was executed, pursuant to section 26 of the Decedent Estate Law. In fact, the petition for probate requested such a construction upon the probate of the will, but through error on the part of the attorney for the petitioner, such request was not embraced in the citation for probate, and, therefore, such construction cannot be made at this time. It would appear from the briefs filed by the attorneys herein that a construction in this State of decedent's will might by the decisions of our courts be held to give the testator's widow the entire estate, to the exclusion of the after-born

child, but that a construction of the will in the State of Ohio might result in giving to the after-born child that share of decedent's estate to which he would have been entitled had the decedent died intestate. It is because of the possibility of the different construction that might be given to this will according to the laws of the State of Ohio and the State of New York as affecting the rights of this after-born child, that this court has been most careful in assuring itself of its jurisdiction to probate this will.

The jurisdiction of this court herein is found in section 45 of the Surrogate's Court Act. Among the enumerated conditions therein, granting such jurisdiction, subdivision 3 thereof provides as follows: " Where the decedent, not being a resident of the State, died without the State, leaving personal property within that county, and no other; *or leaving personal property which has since his death, come into that county, and no other, and remains unadministered;* * * *."

I believe the property of the decedent which has come into this county since his death was brought here by his widow in a most natural way. She has given up her residence in Ohio and states that she intends to live in New York State. There appears to be nothing unusual in her act in bringing into this county the securities belonging to the decedent, and only business practice suggested that certain moneys due and owing the decedent at the time of his death should be forwarded to his widow, who was then residing in this county. Such moneys were deposited by her in a bank in this county. She is the sole executrix and the sole beneficiary mentioned in the will, and as such it is only natural that she should be the petitioner herein. The section above quoted does not specify how the property of a non-resident decedent is to " come into " this county after his decease, in order to give this court jurisdiction to appoint a representative of his estate. But in *Hoes* v. *N. Y., N. H. & H. R. R. Co.* (173 N. Y. 435, 442), in interpreting the above-quoted section, the court stated as follows: " These provisions should be construed as meaning that the assets must ' arrive ' or ' come ' into the State, in good faith, in due course of business, and not for the avowed object of securing a resident plaintiff who can prosecute a negligence action against a foreign corporation on a cause of action arising in, and between residents of, another state." And in *Matter of Hughes* (95 N. Y. 55, 62, 63), although it was admitted that the assets of decedent's estate had been illegally removed from the State of Pennsylvania to the State of New York, yet the court held that this did not prevent the surrogate of Kings county from acquiring jurisdiction to grant administration when it was shown

that such removal was without any wrongful intent, and that no prior administration of decedent's estate had been granted in the State of Pennsylvania. I am satisfied that the assets of decedent's estate which have " come into " this State and this county since decedent's death were brought here in good faith and in due course of business, and not for any fraudulent purpose.

It would seem that only a small amount of decedent's property need be in this county in order to give this court jurisdiction herein. In *White* v. *Nelson* (2 Dem. 265) it was held that a Japanese folding chair constituted sufficient personal property of a non-resident decedent to give a Surrogate's Court in this State jurisdiction to appoint a representative of his estate. In *Matter of Hopper* (5 Dem. 242) a promissory note secured by a mortgage on real estate situated in another State was held sufficient for such jurisdiction. In *Beers* v. *Shannon* (73 N. Y. 292, 298) the jurisdiction of the Surrogate's Court was predicated on a bond in this State, at the time of decedent's death, although the obligor did not reside in this State. Such property was held sufficient to give the court jurisdiction to administer the estate of the non-resident decedent. In none of these cases was the amount of personal property equal to the amount of property of decedent's estate herein, which has come into this county since his death. It would, therefore, seem clear that the amount of personal property of this decedent's estate, which has come into this county since his death, is such that no issue can arise in regard to its insufficiency to warrant this court in assuming jurisdiction.

In *Matter of McCabe* (84 App. Div. 145; affd., without opinion, 177 N. Y. 584) it was held that a Surrogate's Court in this State did not have jurisdiction to grant letters of administration on the estate of a non-resident decedent, although personal property had come into that county since the death of the decedent, when an administrator of his estate had previously been appointed in the State where the decedent resided and died. And in *Hoes* v. *N. Y., N. H. & H. R. R. Co.* (*supra*) it was held that a Surrogate's Court in this State had no jurisdiction to appoint an administrator of a non-resident decedent's estate when the only property brought into such county since his death was a watch and chain, when it was evident that the only purpose of doing so was to secure the appointment of an administrator in this State in order to bring suit in this State against the defendant. The facts in these two cases are clearly distinguishable from those in the case at bar.

A decree may be entered admitting the decedent's will to probate.

Prepare decree accordingly.