In the Matter of the Estate of SIDNEY Z. MENDLEY, Deceased.

Surrogate's Court, Montgomery County, January 7, 1935.

*Solomon M. Gilens [Carl S. Salmon* of counsel], for the administratrix.

*Harold H. Keefe,* for The National City Bank of New York.

*James W. Ferguson [Daisy S. Borst* of counsel], for Dr. Myer L. Levin.

*William A. Carero,* special guardian.

AULISI, S. Upon this accounting proceeding objection is made by The National City Bank of New York, a creditor, to the jurisdiction of this court.

The decedent died intestate at Hillsdale, N. J., on January 6, 1933, survived by his widow and a son. He was at the time of his death a resident of the State of New Jersey. Letters of administration upon his estate were issued by this court on January 28, 1933, to the widow. The petition for the appointment of the administratrix contains this allegation, " That personal property of the deceased, in the value of approximately $50.00 has since the death of the deceased come into Montgomery County." The proof shows that at the time of his death the decedent had an account in the Trade Bank of New York city, personal property of small value in Montgomery county and that additional personal property of small value was brought into said county by Mrs. Mendley after the death of her husband.

The objector contends that the case at bar comes within subdivision 3 of section 45 of the Surrogate's Court Act which, as far as pertinent here, provides as follows: " Where the decedent, not being a resident of the State, died without the State, leaving personal property within that county, and no other; or leaving personal property which has since his death, come into that county, and no other, and remains unadministered." Section 46 of the Surrogate's Court Act provides that where personal property of the decedent is within, or comes into, two or more counties, under the circumstances specified in subdivision 3 of section 45, the Surrogates' Courts of those counties have concurrent jurisdiction, exclusive of every other Surrogate's Court.

Reading these sections together, I think the words " *no other* " in section 45 relate to exclusive jurisdiction, and do not affect the concurrent jurisdiction conferred upon the Surrogates' Courts by section 46. (*Matter of Arnold,* 114 App. Div. 244.) In the present case decedent had personal property in Montgomery county and New York county, and I, therefore, believe that it comes clearly within section 46. This court having exercised its jurisdiction, that of the Surrogate's Court of New York county is excluded.

The objector also contends that said allegation in the petition was not made in good faith but for the avowed object of conferring jurisdiction upon this court. An examination of the evidence fails to disclose any fraud or collusion. The parents and other relatives of the administratrix reside in Montgomery county. She resided there herself prior to her marriage to decedent and at the present time is a resident of this county. There appears to be nothing unusual in her act in bringing into this county some of the personal property belonging to decedent.

The sections above quoted do not specify how the property of a non-resident decedent is to " come into " this county after his decease in order to give this court jurisdiction to appoint a representative of his estate. Nor is there any provision as to the value or as to who shall bring the property into the county. The widow is a proper person to bring such assets into the county. (*Matter of Brown*, 131 Misc. 859.) I am satisfied that the personal property of the decedent has " come into " this county in good faith and not for any fraudulent purpose.

The objector relies upon *Hoes* v. *New York, N. H. & H. R. R. Co.* (173 N. Y. 435), but the facts in that case are clearly distinguishable from those in the case at bar.

I, therefore, conclude that this court had jurisdiction and hereby dismiss the objection.

Proceed accordingly on notice.