In the Matter of the Judicial Settlement of the Account of Proceedings of IRVING JAMES KAINE and Another as Executoss, etc., of JAMES KAINE, Deceased.

HENRY FETTEL, Appellant; WALTER J. WALSH, as Administrator c. t. a. of JAMES KAINE, Deceased, Respondent.

Second Department, July 2, 1937.

*William H. Westerbeke [Francis A. Sullivan* and *Joseph P. Feury* with him on the brief], for the appellant.

*Ralph Atkins,* for the respondent.

PER CURIAM. In a proceeding instituted in the Surrogate's Court of Suffolk county for the judicial settlement of the account of proceedings of the executors of the last will and testament of James Kaine, deceased, Henry Fettel, an alleged creditor of the decedent, moved to vacate the decree in that proceeding, dated January 23, 1936, which *inter alia* disallowed Mr. Fettel's claims against the estate, and likewise disallowed the payments thereof by the executors to him; to permit him to come into court for the purpose of being heard on any claims he might have against the estate, to open his default, and to permit him to have his day in court. The motion was denied. The appeal is from the order of denial dated February 23, 1937, and also from the decree.

The surrogate's finding, implicit in the order appealed from, that the appellant was duly served with the citation issued in this proceeding, is supported by the evidence. However, the form of the citation was such that it merely required the appellant and the other persons cited to show cause why the account of proceedings of the executors should not be judicially settled. It carried no intimation to the appellant, whose claims against the decedent had been paid by the executors, that the validity of those claims and payments would be the subject of litigation before the surrogate upon the return of the citation. Therefore, the surrogate was without jurisdiction to enter the decree of January 23, 1936, which, under the circumstances, is not binding upon the

appellant in so far as it purports to disallow his paid claims against the deceased and the payments thereof by the executors. (Surr. Ct. Act, § 53, subd. 4; Id. § 52; Revisers' note of 1914, see N. Y. Senate Doc. 1914, Vol. 11, No. 23; *Matter of Kilborn,* 232 App. Div. 580, 582; *Matter of Brown,* 131 Misc. 859.)

The order should be reversed on the law and the facts, with costs to appellant, payable out of the estate, the motion granted, the default opened, the decree vacated, and the matter remitted to the Surrogate's Court to take proof and to determine appellant's claims. The appeal from the decree of January 23, 1936, should be dismissed, as the appellant is without status to appeal from it.

LAZANSKY, P. J., CARSWELL, ADEL, TAYLOR and CLOSE, JJ., concur.

Order of the Surrogate's Court of Suffolk county, dated February 23, 1937, denying appellant's motion to vacate the decree dated January 23, 1936, and for other relief, reversed on the law and the facts, with costs to appellant, payable out of the estate, motion granted, the default opened, the decree vacated, and the matter remitted to the Surrogate's Court to take proof and to determine appellant's claims.

Appeal from decree dismissed.