In the Matter of the Accounting of THATCHER T. P. LUQUER et al., as Surviving Trustees under the Will of ALEXANDER E. ORR, Deceased.

Surrogate's Court, Kings County, May 11, 1950.

*Stewart & Shearer* for trustees, petitioners.

*Paul G. Gravenhorst,* respondent in person, as executor of Juliet E. O. Munsell, deceased, and for Elisabeth O. Kanevski, respondent.

*Lyeth & Voorhees* for Margaret Hamilton, respondent.

*Moses & Singer* for Alexander E. O. Munsell, respondent.

*Thos. G. Chamberlain* and *Cecil L. Head* for Juliet Knowles and others, interveners.

McGarey, S. Testator died June 13, 1914, and his will was probated on July 2, 1914. Under it he bequeathed to his daughter for life the income of a trust, with power to dispose of the remainder by her will to her children then surviving, and in default of such exercise, in effect, to her issue per stirpes.

The donee died testate in California, on August 24, 1948, and her will was there admitted to probate on November 8, 1948, after notice to her children and to her four grandchildren, the children of a daughter who survived the testator but predeceased the donee. The donee exercised her power by appointing the property to her three surviving children. Nothing was bequeathed or devised to the grandchildren under the donee's will.

The trustees of the donor's will are now accounting. The four grandchildren have filed appearances, answers and objections to the accounting, contending that the donee's will was not validly executed in that it was procured by fraud and undue influence. One of the grandchildren is still a minor and under section 384 of the Probate Code of California would be entitled to contest the validity of the donee's will any time up to six months after attaining her majority, which will not occur until September, 1950. The other three grandchildren not having contested the donee's will within six months from its admission are, under California Law, bound thereby.

The grandchildren claim that there are special circumstances present which warrant this court in exercising jurisdiction of a proceeding for independent probate of the donee's will. It appears from the briefs that by agreement with the donee's residuary legatee, who is also the executor of the donee's will, the grandchildren will receive an intestate share in the donee's individual estate. By reason of such fact, the grandchildren suggest the possibility that California may refuse to permit a direct attack upon the probate since the grandchildren will receive an intestate share of the donee's estate. That possibility is a remote one in the light of section 384 of the California Probate Code, which affords the minor grandchild the right to contest.

The grandchildren further contend that should there be successful contest in California, there will only be invalidity as to the minor grandchild, and, therefore, doubt may arise as to what effect would be accorded such an adjudication in this State. Partial invalidity does not exist in this State.

While there is no proof before the court with respect to the execution of the donee's will, the allegations of undue influence

in the grandchildren's answer are of such nature that the court is of the opinion that they should be permitted to contest the validity of the donee's will in an independent probate proceeding in this court (*Matter of Harriman*, 124 Misc. 320, affd. 217 App. Div. 733; *Matter of New York Life Ins. & Trust Co.*, 209 N. Y. 585, affg. 157 App. Div. 916, affg. 139 N. Y. S. 695). This action is deemed advisable in the light of the fact that the will was admitted to probate, according to the allegation, upon the testimony of only one of the three subscribing witnesses in an informal hearing.

The grandchildren are accordingly authorized to institute independent probate proceedings within thirty days after the publication of this decision. In the event that they do not proceed within the period prescribed their appearances and answers herein will be stricken out and the trustees directed to proceed accordingly.

No determination is now made with respect to the exercise of the power, since if the will shall be declared invalid, the grandchildren will be entitled to a proportionate share in the corpus of the trust.

Proceed accordingly.