Joseph A. Cox, S.
This is an appeal by the executor from the pro forma order of this court dated September 6,1957, fixing the estate tax on the appraiser’s report. It is claimed that the appraiser erroneously valued decedent’s one-half interest in a parcel of real property known as No. 134-6 Spring Street, New York City.
Decedent died on May 18, 1953. The property was then incumbered by a first mortgage indebtedness of $86,903.30. The executor and the co-owner sold the premises to a third party on November 24, 1953 for a total price of $215,000. The terms of the sale provided for payment of $60,000 in cash, a one-year *166 note for $5,000, a 10-year pnr chas e-money second mortgage of $60,000, and assumption of the existing first mortgage.
In addition to the appraiser’s report, the record consists of testimony taken by the court together with exhibits. The appraiser based his valuation upon the sale price of $215,000 allowing an over-all discount of $15,000 to compensate for the note, the extended term of the second mortgage, and decedent’s fractional interest. He then deducted the amount of the first mortgage indebtedness which resulted in a valuation of $56,546.85 for decedent’s one-half interest.
The executor contends the sale price fixed approximately six months after decedent’s death is not a proper basis for valuation and argues that the lower valuations suggested by his real estate expert and those fixed in certiorari and Federal estate tax proceedings constitute better proof.
In this case a bona fide sale of the property was made approximately six months after decedent’s death with no chang-e in the character of the property or in economic conditions. The sale price received in an actual sale within such a reasonable time of decedent’s death is the best evidence of value (Matter of Arnold, 114 App. Div. 244). The executor contends further that, assuming the sale price represents the correct basis for valuation, the appraiser has not allowed a sufficient discount to cover decedent’s fractional interest, the note and term purchase-money second mortgage received in the transaction. The appraiser conceded in his testimony that he allowed an over-all discount to cover all contingencies. The reasons for allowing discounts for fractional interests in estate tax proceedings are that in most cases valuation of real property is the result of opinions based on conjecture and the fact that such interests are not readily salable. However, when the valuation is based on an actual sale price, there is no longer any conjecture and the reasons for allowing a discount vanish. No discount for fractional interests should be allowed where the value is fixed by a bona fide sale. It is apparent, therefore, that the discount allowed here by the appraiser must necessarily be applied against the note and second mortgage which total $65,000. A mere computation reveals the discount to be better than 23%. This allowance seems just and fair.
The executor further asserts that if the sale price is accepted as the proper basis for valuation, the expenses of the sale should be deducted therefrom. For estate tax purposes the valuation of a decedent’s interest in real estate is fixed by taking the gross value thereof less the value of existing encumbrances as of the date of death. It is often necessary, as here, *167 to determine such a valuation from evidence of value made at other times. The expenses of the sale were incurred by the executor and were neither an encumbrance against the property nor an obligation of the decedent at the time of death. Such expenses incurred after decedent’s death can have no effect upon a date of death valuation.
The appraiser’s valuation is sustained and the appeal is denied.
Settle order on notice.