Anthony P. Savabese, S.
This proceeding was brought for the settlement of the account of the deceased trustee of two trusts created by the will of Henry Franciscus, who died domiciled in New York on May 12, 1948.
The will of Henry Franciscus was admitted to probate by this court on July 30, 1948. Said will created a trust of two thirds of the residue to pay income to one Henrietta M. Ashton, during her life, and to distribute the corpus to such persons as Henrietta M. Ashton should by will appoint; or, in default of such appointment, to the heirs of Mr. Franciscus. While the validity of this trust has now been questioned, the court shall assume such validity for the purpose of determining the present motions.
Henrietta M. Ashton was a Florida domiciliary and died in that State on August 11, 1956, leaving an instrument alleged to be a will exercising her power of appointment in favor of respondent Gail Dunkak. Said instrument was admitted to probate by the County Judge’s Court of the County of Palm Beach, State of Florida, on October 3, 1956, and letters testamentary were issued to respondent Gail Dunkak. This probate was by the so-called “ common form” procedure, without notice to the parties adversely affected by the purported exercise of the power of appointment.
On September 25, 1957 the petition in the instant accounting was filed in this court. Gail Dunkak who is domiciled in Florida appeared here generally by counsel, individually and as executrix under the will of Henrietta M. Ashton. Answers to the petition were filed by two separate groups, heirs of the decedent Henry Franciscus, alleging that the instrument admitted to probate in Florida was not the last will and testament of Henrietta M. Ashton, and, in the alternative, that, if such paper were Henrietta M. Ashton’s last will and testament, it did not exercise her power of appointment.
Subsequent to the filing of the account herein, respondent Gail Dunkak instituted a further proceeding in a Florida Circuit *337 Court by the filing of an amended complaint seeking a declaratory judgment as to the validity of the Henrietta M. Ashton will and its exercise of the power of appointment. That proceeding is on notice to all interested parties and is roughly equivalent to our own solemn form of probate.
Certain of the heirs of Henry Franciscus have now moved this court by order to show cause to enjoin the continuation by respondent Gail Dunkak of the proceeding in the said Circuit Court. This motion was served upon counsel for respondent Gail Dunkak who now appears specially pursuant to section 237-a of the Civil Practice Act and cross-moves to vacate the temporary stay contained in the order to show cause. Respondent Gail Dunkak alleges that, when she appeared in the accounting proceeding, she did not subject herself to the jurisdiction of this court for the purpose of its rendering an in personam order such as is sought in this motion.
As this court views the issues presented, it need not reach the question of jurisdiction over respondent Gail Dunkak. The court is constrained to follow the doctrine of Matter of Harriman (124 Misc. 320, affd. 217 App. Div. 733) wherein the opinion of Surrogate Foley, adopted by the Appellate Division, First Department, held that the courts of this State have exclusive jurisdiction to determine both the validity and the effectiveness of the will of a donee of a power of appointment created by a New York donor to exercise such power. (See, also, Matter of Orr, 198 Misc. 328.) Extensive research has revealed no authority to the contrary. No determination by a Florida court could affect the rights of the heirs of Henry Franciscus to the corpus of the trust allegedly appointed by Henrietta M. Ashton. Accordingly the temporary stay is hereby vacated. The motion for injunctive relief is granted, on consent, with respect to so much of the Florida proceeding as seeks a declaratory judgment as to the exercise of the power of appointment. Said motion is otherwise denied.
Submit order on notice.