Anthony P. Savarese, J.
In this accounting proceeding, more particularly described in the decision of this court in Matter of Franciscus (12 Misc 2d 335) rendered simultaneously herewith, respondent Gail Dunkak, individually, appeared specially pursuant to section 237-a of the Civil Practice Act for the purpose of moving to strike a cross claim contained in the answer of respondents Howard Franciscus et al., who are distributees of Henry Franciscus.
The facts insofar as relevant to this motion are as follows: The Franciscus ’ will created a trust of one third of the residue to pay the income to Gail Dunkak and to pay the principal to Gail Dunkak in three equal installments on her 21st, 26th and 31st birthdays. The first such installment was paid in 1956.
The petition in the instant accounting sought only that the account be settled; that the court determine the disposition *356 of a certain other trust which is the subject of the accompanying decision; that fees be fixed; and that successor trustees be appointed. Respondent Gail Dunkak appeared generally by counsel. The answer filed by respondents Howard Franciscus et al., alleged that the trust created for the benefit of Gail Dunkak is invalid and that the fund which Henry Franciscus purported to convey in such trust passed to his intestate distributees. The said answer contains a cross claim which seeks to compel respondent Gail Dunkak to return the principal installment she received on her 21st birthday.
The answer making the cross claim was served upon counsel for Gail Dunkak in New York, who, by virtue of their duly authorized notice of appearance, had submitted their client to the jurisdiction of this court as though she had been personally served with the citation herein within the State of New York.
Assuming arguendo that, by virtue of their supporting affidavits, petitioners in this accounting have joined in said cross claim, the court is nevertheless without jurisdiction to grant the relief requested. (Matter of Kaine, 252 App. Div. 101.)
Gail Dunkak appeared here in response to a citation in an accounting proceeding. That citation gave her no intimation that the validity of the trust for her benefit was to be litigated or that an order directing her to pay a sum of money might result. (See Surrogate’s Gt. Act, § 53, subd. 4.) Accordingly, the motion to strike the cross claim of respondents Howard Franciscus et al., is granted.
Submit order on notice.