Henby Clay Greenberg, J.
In an action brought by the children of Jacob Rothenberg to enforce a trust on certain assets given by him to their stepmother, now deceased, under an agreement allegedly made at the time of such gifts, defendants move to require his joinder as an additional party plaintiff on the ground that he is an indispensable or conditionally necessary party.
Such an agreement, it is clear, is enforcible either by the donee beneficiaries or, in an action for specific performance, by the promisee himself (Croker v. New York Trust Co., 245 N. Y. 17; Restatement, Contracts, § 138), In Croker the promisee sued in equity, joining the beneficiaries as codefendants. The court held (p. 20) that the procedure adopted provided adequately for the situation, ‘ ‘ so that all parties in interest may be before the court ”, citing Williston on Contracts (§§ 358, 359).
In Williston reference was made (§ 357) to the technical difficulties which had resulted from permitting a third person, who was not in privity with the promise nor in privity with the consideration moving from the promisee, to sue to enforce the promise made for his benefit. (See, also, 6 Brooklyn L. Rev. 64, discussing the ‘ maze of theoretical difficulties, traceable directly to the rights of the promisee,” resulting from the adoption of the third-party beneficiary rule.) He then pointed out (§§ 358, 359): “ Much of the difficulty of the situation arises *125 from the fact that three parties are interested in the contract. * * * In the case under consideration the only satisfactory relief is something in the nature of specific performance. * * * As the promisee and the beneficiary have both an interest in the performance of the promise, either should be allowed to bring suit for specific performance joining the other as co-defendant with the promisor. In this way all parties have a chance to be heard. There may always be a possible question as to the respective rights of the promisee and the beneficiary, and also whether the promisor has a valid defense against the promisee, and these questions should not be determined in any litigation in which all three interested parties are not joined. Any procedure which not only permits but requires this meets the necessities of the case ”.
This action is not merely technically but basically an equity action. The fundamental principle in equity concerning parties is “that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights and duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit”. (Pomeroy, Equity Jurisprudence [5th ed.], § H4.)
Liberal joinder of parties is now the rule even in law actions, except where substanital prejudice can be shown. Section 193 of the Civil Practice Act, defining indispensable and conditionally necessary parties and setting forth the procedure relating thereto, provides that it “ shall be applicable to all actions, whether formerly denominated legal or equitable ’ ’. In this State the strict, inflexible and highly technical common-law rules governing joinder of parties have been liberalized “by simply extending the liberal equity practice to all actions, whether of legal or equitable cognizance ” (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 174-175).
Defendants urge that Jacob Rothenberg is an indispensable party whose absence will prevent an effective determination of the controversy ”, because he could relitigate the same matters with defendants even after a successful defense of this action. Plaintiffs argue that since plaintiffs’ rights stem from Jacob Rothenberg, they are in privity with him and that any judgment against them would be binding on him under the doctrine of res judicata invocable against the same parties or their privies ”. No case has been cited directly supporting either view.
*126 A review of the authorities dealing with some aspects of the problem does not provide a ready or definitive rule. While, ordinarily, it would appear that a third-party donee beneficiary would be concluded by an adverse judgment against the promisee in an action brought by him, the reverse situation may not necessarily follow. Surely the promisee would not be concluded by the prior judgment if he did not testify at the trial and later sued on a different version of the agreement. The motion for compulsory joinder is made to avoid multiplicity of actions, as that possibility now may appear, without regard to the basis upon which a subsequent action may or may not be maintained. Moreover, the commonly accepted definition of privity as ‘ ‘ mutual or successive relationships to the same rights of property” (Haverhill v. International Ry. Co., 217 App. Div. 521, 522, affd. 244 N. Y. 582) does not seem to be an accurate description of a promisee’s relationship vis-a-vis an action brought by alleged donee beneficiaries claiming under an agreement made by him.
It is unnecessary here to resolve that question. Whether or not Jacob Rothenberg be regarded as indispensable on the ground that a final and effective judgment cannot be rendered in his absence, it is at least clear that he is a conditionally necessary party whose presence is necessary for the protection of the parties before the court. His absence should not prevent the adjudication of the controversy as between the parties to the action and the court may, where he is unavailable, proceed without him. But he is a person “ who ought to be a party if complete relief is to be accorded between those already parties” (Civ. Prac. Act, § 193; Twelfth Annual Report of N. T. Judicial Council, 1946, pp. 176-180).
No substantial prejudice to plaintiffs is discernible in such compulsory joinder of their father. Whatever defenses would be available in an action brought by him may be asserted against them regardless of his joinder in their action. Williston points out (§ 400) that where such defenses as invalidity or illegality of the promise are raised, “ it is obvious that all three parties should have an opportunity of litigating the question since all are interested in it, and it is desirable to have all concluded by the judgment ”.
The motion is accordingly granted to the extent of directing that Jacob Rothenberg be joined as a conditionally necessary party. However, his compulsory joinder, in accordance with established practice, should be as defendant, and not as plaintiff (see, also, Civ. Prac. Act, § 194).
Settle order.