Joseph A. Cox, S.
Decedent died on March 25,1925. His will dated February 16,1922 and a codicil thereto dated October 20, 1924 were admitted to probate. In paragraph fourth of his will testator divided his residuary estate into 11 equal parts and *830 directed that 9 of them he held in trust. Testator provided that the income from the share which he denominated as number 11 be paid to his granddaughter Mary Yalette Wells for life. Upon her death the corpus of said share 11 is payable to her ‘ ‘ heirs-at-law of my blood ’ ’ provided, however, that she had the right to dispose of one half of the principal by will executed after she was 30 years of age. Mary Yalette Wells died on June 30, 1961, at the age of 56 years and unmarried, a resident of Baltimore, Maryland.
The surviving trustees are now accounting for several trusts including share 11 and request a determination as to the validity and effect of a testamentary instrument dated June 14,1961 purporting to be a will of said Mary Yalette Wells. That instrument was admitted to probate in the Orphans ’ Court of Baltimore County, Maryland, on June 30,1961 by the so-called “ common form ” procedure in accordance with the provisions of the Maryland statutes. Section 375 of article 93 of the Maryland Code provides that no testamentary paper shall be subject to caveat or other objections to its validity after the expiration of six months from the date of probate. It appears that no caveat or objection to the will has been filed with the Maryland court.
Mary Yalette Wells sought in said instrument of June 14,1961, to exercise the power of appointment pertaining to share 11 given to her in decedent’s will. Oliver Dimock Wells, one of the accounting trustees and a brother of Mary Yalette Wells, has filed an answer in his individual capacity in which he alleges that the instrument dated June 14, 1961 purporting to be the will of Mary Yalette Wells is not her will because it was not properly executed, that she did not have testamentary capacity and that it was procured by fraud and undue influence. He requests a trial by jury of his objections to the validity of his sister’s will.
Judith Richardson, named as the residuary legatee in the will of Mary Yalette Wells, has moved to strike out the answer of Oliver Dimock Wells in this proceeding upon the ground that this court does not have jurisdiction of the matters raised by answer and to strike out his demand for a jury trial upon the ground that he is not entitled to it. Oliver Dimock Wells opposes the motion upon the grounds that the petition of the trustees in the accounting proceeding requests a determination of the validity of the instrument dated June 14, 1961; that the trustees herein had no right to contest the probate of that instrument in Maryland; that he was never served with any process of the Maryland court and did not appear therein and that the Maryland probate decree is not binding on him or on any property located in New York State.
*831 It has been held that the New York court having jurisdiction over the donor’s estate may determine whether or not the will of the nonresident donee of a power of appointment was validly executed (Matter of Harriman, 124 Misc. 320, affd. on opinion below 217 App. Div. 733). In that ease the will of the donee of the power had been denied probate" in California upon the ground of fraud and undue influence. The question of its validity was presented in the accounting of the trustee of the donor’s estate in this court. Surrogate Foley held that the decrees of the California court were without legal effect on the courts of this State. He overruled the contention that the California decrees were entitled to full faith and credit in this State under the Federal Constitution. He summarized the rules of law to be applied as follows: ‘‘ where no question is raised by any party as to the legality of the rejection or admission of the donee’s will to probate, our courts, as a matter of comity or discretion, may accept the decree of the foreign State, if the requirements of our State are established. But where, as in this ease, the rights of infants are prejudiced, or where substantial objections are raised to the regularity of the procedure in the foreign State, our courts must enforce their exclusive jurisdiction over the donor’s estate and inquire into the validity of the donee’s will in an original proceeding here. Only by such safeguards may the beneficiaries be protected against a collusive or fraudulent proceeding in a foreign State by which the intentions of a New York testator, or of his appointor, may be wholly frustrated ” (pp. 326-327). He directed that an independent proceeding be instituted for the purpose only of establishing the validity, under the laws of the State of New York, of the exercise of the power by the donee.
Matter of Rogers (168 Misc. 633) an accounting of the trustee of the donor’s estate, involved the validity of the exercise of a power of appointment. The rule on that phase was stated, as follows (pp. 642-643): “ First, where the donee’s will is admitted to probate or established in a foreign State or country, the courts of New York may accept it as a valid testamentary instrument as a matter of comity, or may reject it in an independent proceeding where justice requires a denial of probate.”
In Matter of Walbridge (178 Misc. 32), where the validity of the exercise of a power of appointment by a nonresident was in question, it was stated (p. 37) that the contention by the executor and trustee of the donee that the provisions in her will should be given effect because they are valid in Florida “ ignores the fundamental rule that the law of this State governs all questions as to the validity and effect of the exercise of the power.” The *832 Surrogate continued: “ The fact is lost sight of that the property now accounted for is not the property of the donee but of the donor and must remain the property of the donor until it absolutely vests in some person or corporation. A donee with a power to appoint by will is a mere agent of the donor. Until absolute vesting the property remains subject to the jurisdiction and control of the courts of the domicile of the donor. ’ ’ (Citing cases.)
Matter of Orr (198 Misc. 328) involved the will of the donee of a power of appointment which had been admitted to probate in California. In the accounting of the trustees in the donor’s estate four grandchildren affected by the exercise of the power of appointment contended that the donee’s will was not validly executed in that it was procured by fraud and undue influence. Three of the grandchildren not having contested the donee’s will within six months after its admission to probate under California law would be bound thereby. However, one of the grandchildren was an infant and would be entitled to contest the validity of the donee’s will any time up to six months after attaining her majority. Surrogate McGabey determined that allegations of undue influence in the grandchildren’s answer was of such nature that they should be permitted to contest the validity of the donee’s will in an independent probate proceeding in the New York court. He cited Matter of Harriman (supra) and Matter of New York Life Ins. & Trust Co. (209 N. Y. 585, affg. 157 App. Div. 916, affg. 139 N. Y. S. 695). He authorized the grandchildren to institute an independent probate proceeding within 30 days after the publication of his decision. In the event that they did not proceed within that period their appearances and answers would be stricken out in the accounting and the trustees directed to proceed accordingly.
It appears from the foregoing that the validity of the will of Mary Valette Wells may be determined by this court but it must be done in an independent proceeding for the probate thereof. The motion to strike out the answer of Oliver D. Wells and his demand for a jury trial is, therefore, granted without prejudice to an independent proceeding for the probate of the will of Mary Valette Wells for the purpose of determining its validity under the laws of this State as to the exercise of the power of appointment, being instituted within 30 days after the entry of the order hereon (Matter of Harriman, supra).