OPINION OF THE COURT
Millard L. Midonick, S.
A petition for probate of the decedent’s will has been filed with the probate department of this court. The petitioner is the nominated coexecutor and son of the decedent. The petitioner has requested that the court dispense with the service of process upon the grandchildren of the decedent who are persons adversely affected by the exercise of powers of appointment in the decedent’s propounded will.
As Paul J. Powers stated in the Supplementary Practice Commentaries to SCPA 1403:
"The Official Form of Probate Petition (Form No. 7) lists *616 among the persons to be cited 'all persons adversely affected by the purported exercise by such will of any power of appointment.’ Section 1403 does not make such persons essential parties to the probate. This omission was not an oversight on the part of the Legislature or the Commission on Estates. The inclusion of such persons was considered and rejected because it might happen that the parties would not be aware of any power of appointment until after the probate proceeding terminated and then the omission of an essential party to the proceeding could constitute an infirmity in the decree. The inclusion of the parties in the Official Form was intended to remind attornejrs of the prudence of citing them.
"In the ordinary situation, counsel should cite persons who would take in default of the exercise of a power of appointment by the testator; otherwise such persons would not be bound by the probate decree and could later litigate the appointment. (Matter of Wells, 36 Mise. 2d 829). On the other hand, if the probate court had acquired jurisdiction over them, the Full Faith and Credit Clause would prevent their again litigating the validity of the donee’s will. (Matter of Acheson, 28 N.Y.2d 155.)” (Powers, 1975 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1403.)
This court is in full agreement with the statements contained in the Practice Commentaries. It is a fundamental principle of equity concerning parties that all persons interested in the subject matter and the relief granted shall be made parties. (Pomeroy, Equity Jurisprudence [5th ed], § 114.) Moreover, no substantial prejudice to the proponent is discernible so as not to require him to cite the grandchildren of the decedent (cf. Rothenberg v Wolfman, 16 Misc 2d 124).
Accordingly, the persons adversely affected by the power of appointment must be cited in this probate proceeding.
Proceed accordingly.