OPINION OF THE COURT
Millard L. Midonick, S.
A petition for probate of the decedent’s will has been filed with the probate department of this court. The petitioners, who are the executors named in the will, have requested that the court dispense with the service of process upon the distributees of the decedent’s husband who are persons adversely affected by the exercise of a power of appointment in the decedent’s propounded will.
This court discussed the problem presented in the recent decision of Matter of Emmons (93 Misc 2d 615) and I concluded in that case that the persons adversely affected by the power of appointment must be cited in that probate proceeding. However, the facts of the present case differ from those in Matter of Emmons (supra). In the present case, the decedent exercised a power of appointment given to her under the will of her husband. In default of the exercise of the power, the *25 appointive fund is to be held in trust for the life of the decedent’s grandniece by marriage and the remainder thereof is payable to the issue of such grandniece, and in default of issue the remainder is payable to the distributees of the decedent’s husband, who are his first cousins. The decedent’s grandniece by marriage has been made a party to the probate proceeding. It is alleged that the said grandniece, an adult who has an income interest in the appointive fund, can virtually represent those takers in default who are interested in the remainder. At the present time, since the said grandniece has no issue, the takers in default interested in the remainder are the cousins of the decedent’s husband. This court agrees that virtual representation applies in this case (Matter of Adler, 77 Misc 2d 651; cf. Matter of Leyshon, 67 Misc 2d 492); and accordingly, it will not be necessary to cite the distributees of the decedent’s husband in this probate proceeding.
It should be noted that SCPA 315 (subd 4), although dealing with the question of virtual representation in probate proceedings by those interested in the income of an appointive fund as representers of those interested in the remainder of such fund, does not resolve the question presented herein since the statute specifically provides that it is only applicable if the beneficiaries of the fund have a common interest in proving the will. This court can conceive of no instance in which such a situation would arise. In the case of persons adversely affected by the exercise of a power of appointment, such persons would never be interested in proving the will since they are adversely affected by a will that exercises the power. Indeed, this court can conceive of no instances in which the provisions of SCPA 315 (subd 4) would ever apply and recommends that the Legislature consider revising the statute so that it be made applicable even if the beneficiaries are interested in disproving the will. Nevertheless, it is this court’s opinion that the person interested in income of the appointive fund can adequately represent the interest of the remainder-men in this probate proceeding since there is no conflict in such a proceeding between the interest of income and remainder.
Accordingly, the file is being returned to the probate department for further processing without need for a guardian ad litem.