OPINION OF THE COURT
Evans V. Brewster, S.
In this contested accounting proceeding, the jurisdiction of this court has been placed in issue. The specific question presented is, can a New York court determine the validity of the exercise of a power of appointment by a will executed and admitted to probate in the State of Ohio over trust property being administered in this State? The decedent, a New York resident, executed a will in 1950 leaving one third of his residuary estate outright to a daughter of a previous marriage and the remainder in trust for his second wife. She was to receive the income for life and was given a power of appointment over the corpus of the trust undistributed at her death. The will is silent with respect to the disposition of the corpus in the event that she fails to exercise the power. However, it is clear that a default would result in the corpus being distributed to the issue of the daughter of the first marriage. The surviving spouse moved to Ohio sometime in the late 1970’s and in 1981 *800 executed a will in Ohio in which she exercised her power of appointment over the trust assets in favor of her son by a previous marriage and his wife. The son was also a resident of Ohio at the time.
The daughter of the decedent died in 1970 leaving her surviving four children. The surviving spouse died in Ohio in 1981 and her 1981 will was filed for probate in that State. Ohio employs a modified “common form” of probate, in which only a limited number of people must be notified that a will has been filed. This class does not include those who would be adversely affected by the exercise of a power of appointment included in the Ohio will. Therefore, no notice was sent to the grandchildren of the decedent who would take in default of the exercise of the power. The will was admitted to probate in Ohio on October 19, 1981. Ohio statutes provide for a four-month period, after a will is admitted to probate, for an interested party to contest the validity of the will. If not contested within this time limitation, the “probate shall be forever binding”. (Ohio Rev Code Ann, § 2107.76.) Such period has long expired and the will was not contested.
Upon the application of the trustee to settle its account in this proceeding, notice was given to the grandchildren. The petition prays that the court direct the principal of the trust be distributed to the son of the surviving spouse and his wife, in accordance with the will of his mother. Objections Were thereafter filed by all four grandchildren, alleging that the surviving spouse was incompetent to make a will, that undue influence was exerted upon her by her son and that, in any event, she had indicated on several occasions an intent not to exercise the power of appointment. When confronted with the will of the surviving spouse apparently duly probated in Ohio and the “finality” of that proceeding, the issue for this court became the determination of its jurisdiction to determine the validity of the exercise of the power of appointment. In other words, may New York, presented with the finality of the Ohio decree, hear and determine the question of whether undue influence was exercised upon the surviving spouse which would affect the validity of the disposition of property under the will of a New York decedent being administered under this *801 court’s jurisdiction? This question is answered in the affirmative.
Certain principles of both constitutional and State law along with elements of the common law are relevant and must be considered. A decree or judgment of one State, validly entered, is entitled to full faith and credit in a sister State (US Const, art IV, § 1). Balancing this basic tenet is the “due process” clause of the United States Constitution found in section 1 of the Fourteenth Amendment, which states: “nor shall any State deprive any person of life, liberty, or property, without due process of law”. Significant is additional language of the section which states: “nor deny to any person within its jurisdiction the equal protection of the laws.” (Emphasis added.) It is remembered that the objectants herein were neither residents of Ohio at the time of the probate of the surviving spouse’s will, nor were they given notice of that proceeding and consequently did not appear therein thereby conferring jurisdiction on the Ohio court. The due process clause does not require such jurisdictional basis but applies to any person (no qualifier).
Having less force than the full faith and credit clause but still significant in dealings between the States is the common-law doctrine of judicial comity which can be defined as the principle in accordance with which the courts of one State or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and mutual respect. (See, e.g., Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574.) Comity can be extended when the issue does not rise to the obligatory level of the full faith and credit clause, but nevertheless cries out for interstate recognition of local rules or customs.
As a general principle of New York law, the courts of this State will look to the law of the testator’s domicile for the meaning and interpretation of language used by him in disposing of his personal property by will. (EPTL 3-5.1, subd [b], par [2]; subd [e]; Matter of Fox, 9 NY2d 400.) Furthermore, as stated in EPTL 3-5.1 (subd [c]):
“A will disposing of personal property, wherever situated * * * made within or without this state by a domiciliary or *802 non-domiciliary thereof, is formally valid and admissible to probate in this state, if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law of * * *
“(2) The jurisdiction in which the will was executed, at the time of execution; or
“(3) the jurisdiction in which the testator was domiciled, either at the time of execution or of death.”
With respect to the procedures employed by the judiciary in another State in probate proceedings, this State’s highest court has ruled that if a probate court of a sister State otherwise has jurisdiction it may make a decree admitting a will to probate which is binding upon nonresidents, even though notice has, by statute, been dispensed with on the original probate, and such probate becomes conclusive in the absence of contest within such period as is provided by the laws of that State. (Matter of Horton, 217 NY 363.)
When considering trusts, the general rule in New York is that “the construction and effect of the will of [a nonresident donee of a power of appointment], in so far as it involve[s] an exercise of the power of appointment conferred by the will of [the donor], is governed by the law of this state, the domicile of the donor of the power, and the situs of the property” (Matter of New York Life Ins. & Trust Co., 209 NY 585, 586; see, also, Hutchison v Ross, 262 NY 381; Matter of Acheson, 28 NY2d 155). “It is the established law of this State that the courts of New York alone must determine the validity and effect of an instrument, whether will or deed, which purports to exercise a power of appointment under the will of a New York donor. That principle applies, in my opinion, not only to the construction of the will of the donee, but also extends to the jurisdiction to admit or reject it as a will under the criteria of our probate law”. (Matter of Harriman, 124 Misc 320 [Foley, S.], affd 217 App Div 733; emphasis added.)
The assignees of the trust estate located in Ohio argue that the courts of this State are bound by the Ohio decree and should extend to it the full faith and credit required by the United States Constitution. Cases cited by them, with one exception, however, do not address the issue of the exercise of a power of appointment but are limited to the *803 admission of a will in a foreign State and the recognition given to the decree entered in that jurisdiction. The one exception is Matter of Smith (57 NYS2d 189), where a New York court, as a matter of comity and in the exercise of its discretion, accepted a decree of a New Jersey court as proving the will of a donee of a power of appointment as a valid testamentary instrument. It was apparently satisfied on the proof submitted that the will of a nonresident donee of the power was duly admitted to probate in New Jersey, the residence of the donee of the power. But even Smith recognized the principle that “it is well settled that the law of the domicile of the donor controls the determination of the validity and effect of the exercise of a power of appointment” (supra, at p 190).
The result reached in the United States Supreme Court in Blount v Walker (134 US 607), a case involving a similar issue, is more persuasive. There the grantor of the power resided in South Carolina. The grantee resided in North Carolina and her will was probated there. It was claimed that the decree admitting the will to probate in North Carolina was conclusive upon the courts of South Carolina. The South Carolina court held that the question of the sufficiency of the instrument, by which it was attempted to execute the power, was within its exclusive jurisdiction, that the purported will of the donee was not her last will, and that it was invalid as an execution of the power in the donor’s estate, because it was not executed in accordance with the laws of South Carolina. On appeal from this decision, the United States Supreme Court held that no Federal question was involved; that the courts of South Carolina had exclusive jurisdiction of its resident’s estate; that the provisions of section 1 of article IV of the Federal Constitution, that full faith and credit should be given in each State to the public acts, records and judicial proceedings of every other State, were not violated. In the instant case, while the issue does not involve due execution, it does go to the question of undue influence, which is subjected to the same amount of judicial scrutiny as proper execution.
In the case of Matter of Harriman (supra, pp 326-327), the court summarized the rules of law it felt should be employed in these matters: “fW]here no question is raised *804 by any party as to the legality of the rejection or admission of the donee’s will to probate, our courts, as a matter of comity or discretion, may accept the decree of the foreign State, if the requirements of our State are established. But where, as in this case, the rights of infants are prejudiced, or where substantial objections are raised to the regularity of the procedure in the foreign State, our courts must enforce their exclusive jurisdiction over the donor’s estate and inquire into the. validity of the donee’s will in an original proceeding here. Only by such safeguards may the beneficiaries be protected against a collusive or fraudulent proceeding in a foreign State by which the intentions of a New York testator, or of his appointer, may be wholly frustrated.” (Emphasis added.) It is the conclusion of this court that the requirements of New York, insofar as they involve due process, have not been established.
In this probate of the will of the grantee of the power in Ohio, the grandchildren of the testator never appeared; indeed they never received notice of it. It is this issue that most troubles the court. In a case involving the necessity of citing persons adversely affected by the exercise of a power of appointment in the will of a New York domiciliary, the court refused to dispense with service on them. (Matter of Emmons, 93 Misc 2d 615.) The court reasoned that only by requiring the service of process on such parties would the probate decree be binding on them and preclude them from. later litigating the matter. Furthermore, “It is a fundamental principle of equity concerning parties that all persons interested in the subject matter and the relief granted shall be made parties. (Pomeroy, Equity Jurisprudence [5th ed], § 114).” (Supra, at p 616.)
In Matter of Wells (36 Misc 2d 829), an accounting trustee in a donor’s estate who is also the brother of a donee who exercised a power of appointment in her will, alleged that the donee’s will was not properly executed in Maryland. In addition he stated that the donee lacked testamentary capacity and her will was procured by fraud and undue influence. Since he never received notice of the Maryland probate proceeding and consequently could not register his objections in that jurisdiction, he requested a jury trial in New York County to test the validity of his *805 sister’s will. The court cited Matter of Rogers (168 Misc 633, 642-643) for the rule that “ ‘where the donee’s will is admitted to probate or established in a foreign State of country, the courts of New York may accept it as a valid testamentary instrument as a matter of comity, or may reject it in an independent proceeding where justice requires a denial of probate.’ ” (36 Misc 2d, at p 831.) Also cited approvingly in the Wells case was Matter of Orr (198 Misc 328), where great-grandchildren of the decedent were adversely affected by the exercise of a power of appointment in the will of their grandmother. They objected to the accounting in the trust established by the will of their great-grandfather. The Surrogate determined that an allegation of undue influence in the answer filed by the donee’s grandchildren “was of such nature that they should be permitted to contest the validity of the donee’s will in an independent probate proceeding in the New York court.” (36 Misc 2d, at p 832.) The Wells court thereupon granted the trustees’ request for a jury trial in order to determine the will’s validity as to the exercise of the power of appointment. The Surrogate was of the opinion that the issue could not be resolved as a part of the accounting but that an independent probate proceeding was required. Only then could all interested parties be given their “day in court.”
The appointees of the power argue that the donee’s will is conclusive in determining the disposition of her property which necessarily includes the corpus of the trust considered here. “The testamentary exercise of a power either in a manner that continues property in trust or in the form of outright bequests creates in the executor of the donee no interest whatsoever in the property so appointed. A donee with a power to appoint by will is a mere agent of the donor. When [the donee] exercised the power granted to her by her father, she was not disposing of her own assets but, by authority conferred upon her by her father, she was disposing of property which never lost its identity as part of his estate. In Matter of Walbridges Estate, 178 Misc 32, 33 N.Y.S.2d 47, 52, Surrogate Foley stated, ‘The fact is lost sight of that the property now accounted for is not the property of the donee but of the donor and must remain the *806 property of the donor until it absolutely vests in some person or corporation. A donee with a power to appoint by will is a mere agent of the donor. Until absolute vesting the property remains subject to the jurisdiction and control of the courts of the domicile of the donor.’ ” (Matter of Baldwin, 139 NYS2d 413, 416-417.)
Consistent with this view, the devolution of appointive assets of a trust having New York as its State of administration would be determined in an independent New York proceeding and the intrinsic validity, effect, and interpretation of the instrument purporting to exercise the power would be governed by New York law (EPTL 3-5.1, subd [g], par [2]). In the case of a nonresident donee, no determination by the foreign domiciliary court in its probate proceeding would affect the New York proceeding. (Matter of Bauer, 14 NY2d 272.)
In a case strikingly similar to the instant one, a New York testator created a trust under his will with income payable to a named beneficiary during her life, the corpus to be distributed to such persons as the beneficiary “should by will appoint; or, in default of such appointment, to the heirs of [the testator].” (Matter of Franciscus, 12 Misc 2d 335, 336.) The beneficiary was a Florida domiciliary and died in that State leaving an instrument alleged to be a will exercising her power of appointment in favor of the respondent. The instrument was admitted to probate in Florida and letters issued to the respondent. The probate was by the “common form” procedure, without notice to the parties adversely affected by the purported exercise of the power of appointment. When the petition to settle the account of the deceased trustee of the trust created by the New York testator was filed, answers were forthcoming from the heirs of the testator, alleging that the instrument admitted to probate in Florida was not the last will and testament of (the beneficiary and donee of the power) and, in the alternative, that if such paper were the last will and testament of (the beneficiary/donee), it did not exercise her power of appointment. The court (per Surrogate Savarese) stated (p 337): “The court is constrained to follow the doctrine of Matter of Harriman (124 Misc. 320, affd. 217 App. Div. 733) wherein the opinion of Surrogate Foley, *807 adopted by the Appellate Division, First Department, held that the courts of this State have exclusive jurisdiction to determine both the validity and the effectiveness of the will of a donee of a power of appointment created by a New York donor to exercise such power. (See, also, Matter of Orr, 198 Misc. 328.) Extensive research has revealed no authority to the contrary. No determination by a Florida court could affect the rights of the heirs of [the New York donor] to the corpus of the trust allegedly appointed by [the beneficiary/donee] ”.
Finally, the question is posed whether the decisions affirming the jurisdiction of New York courts to determine the validity of the exercise of the power of appointment only, go to the substantive issue of the trust disposition or operation, e.g., was there a violation of the rule against perpetuities or rules governing accumulations? (EPTL art 9.) This court is of the opinion that the decisions should not be so narrowly construed. Consider the case where there is either an informal accounting (with no notice to those adversely affected by the exercise of the power) or a formal accounting in which the petition does not name those adversely affected but merely attaches the will of the nonresident donee of the power of appointment and alleges that the will was properly admitted to probate in a sister State. Under either of these situations, parties who may have information concerning undue influence brought to bear on the donee of the power in exercise of said power would never have the opportunity to bring this information to the court which retains jurisdiction of the property so appointed. This is patently inequitable and prejudicial. Not only does it open the door to possible collusion, but it deprives a person or persons of establishing their purported right to “property, without due process of law” (US Const, 14th Arndt, § 1).
For the foregoing reasons, the court determines that it has jurisdiction to inquire into the validity of the exercise of the power of appointment contained in the will of a nonresident donee of said power admitted to jurisdiction in a sister State. All interested parties shall have an opportunity to present facts to the court which would assist it in determining whether the exercise of the power, as con *808 tained in said will, over property located in this State and subject to this court’s jurisdiction, is valid and enforceable.
The matter is restored to the calendar of July 12,1983 at 9:30 a.m. for further proceedings.